IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLYN SAMPSON,<br><br>              Plaintiff,<br><br>v.<br><br>HAGENS BERMAN SOBOL SHAPIRO LLP; KAY GUNDERSON REEVES; STEVE W. BERMAN,<br><br>              Defendants. | No. 2:20-cv-02232 PD<br><br>Related Case: 2:11-cv-05782 PD |

**REPLY MEMORANDUM IN SUPPORT OF THE HAGENS BERMAN DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendants Hagens Berman Sobol Shapiro LLP and Steve Berman (the "Hagens Berman Defendants") submit this Reply Memorandum in support of their Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, To Transfer Venue ("Motion").  In opposing the Motion, Plaintiff argues that the Court should exercise personal jurisdiction over the Hagens Berman Defendants solely because they represent her in the thalidomide litigation before this Court and, but for that representation, this case would not exist. However, Plaintiff acknowledges that something more than "but-for" causation is required for specific jurisdiction, and she concedes by omission that the something more – that is, specific conduct underlying her claims that arises from or is related to activities directed to the state of Pennsylvania – is lacking here.

Plaintiff fails to establish that venue lies in this Court for the same reason. She focuses on where the thalidomide case is being litigated, instead of the actual "events and omissions," 28 U.S.C. § 1391(b)(2), giving rise to her claim, all of which allegedly occurred (or did not occur) in Texas, Washington, and Minnesota.

Plaintiff then invites the Court to ignore the plain language of the forum selection clause contained in the Engagement Agreement. But the law is clear: courts honor forum selection clauses absent extraordinary circumstances that disfavor transfer. The circumstances that Plaintiff alleges are quite ordinary.  From

her home state of Minnesota, she solicited the counsel of Kay Reeves, a Texas-based lawyer, who then sent her an Engagement Agreement with language that unambiguously set the venue for "any dispute" in Dallas County, Texas.  Plaintiff received the agreement, posed no follow-up questions to Ms. Reeves, executed the agreement, and mailed it back to Ms. Reeves. If Plaintiff took issue with the forum selection clause, she could – and should – have raised her concerns with Ms. Reeves in 2011 before signing the agreement. The Court should not permit her to ignore the plain language of the agreement and, nine years later, pursue her dispute halfway across the country from Texas.

For the reasons stated in the Motion and in this Reply, the Court should dismiss Plaintiffs' Complaint for lack of personal jurisdiction or, alternatively, for improper venue. Even if the Court determines that it has personal jurisdiction over the Hagens Berman Defendants and that venue lies under 28 U.S.C. § 1391(b), it should transfer the case to the Northern District of Texas under the parties' agreement.

## ARGUMENT

**I.      Plaintiff's Claims Arise Out of Torts Allegedly Committed Outside of Pennsylvania and a Texas Contract, So There Is no Specific Jurisdiction in Pennsylvania as to the Hagens Berman Defendants.**

Plaintiff concedes that to demonstrate specific jurisdiction, she must show that her claims against the Hagens Berman Defendants arises out of or relates to

their activities directed to the state of Pennsylvania. [*Id*. at 2- 3.] Plaintiff also concedes that this analysis "may depend" on the type of claims brought and therefore requires separate analysis of each claim at issue. [*Id*. at 5.] Finally, she concedes that but-for causation is insufficient to confer specific jurisdiction. [*Id.* at 3.]

Despite identifying the correct standards, Plaintiff fails to apply them properly. She makes only a brief and superficial analysis of the three types of claims she urges in this case. Moreover, she rests her claim for personal jurisdiction on the but-for causation argument (although she is careful not to use those words) that Plaintiff's claims would not exist if Hagens Berman not filed suit in Pennsylvania.

Plaintiff's struggles are understandable. The fact is that not a single allegation in Plaintiff's Complaint concerns allegedly actionable conduct occurring in Pennsylvania.  It is true that Plaintiff was and is represented by Hagens Berman in litigation before this court, and that the instant claims would not exist if not for the representation.  But that is classic but-for causation, and there is nothing more to link Plaintiff's claims to the state. Put another way, the crux of her claims rests on what was purportedly said (or not said) about the litigation, not what was actually done in the state of Pennsylvania with respect to the litigation.

Plaintiff argues that *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129-30 (3d Cir. 2020), is inapposite because it involved "a stranger to the litigation [that] leverages the *existence* of litigation in the forum to assert personal jurisdiction over a collateral claim," where "[h]ere, the purpose of the Attorney Employment Agreement was to represent Sampson as a plaintiff in *Pennsylvania*." [Opp. at 4 (emphasis in original).] But that misstates the crux of *Danziger*. There, the purpose of the referral fee agreement – the subject of the claim – was to provide a referral fee for litigation to be prosecuted and filed in Pennsylvania. The agreement itself was formed and allegedly breached outside of Pennsylvania, and all allegedly actionable conduct occurred outside of Pennsylvania. The Pennsylvania litigation provided only but-for causation, which, as Plaintiff concedes, is insufficient. 948 F.3d at 130.

Here, as discussed in more detail below, the purpose of the Engagement Agreement was to represent Plaintiff "in the state of Texas or, alternatively, in any other appropriate state." [Dkt. 25-3] As in *Danziger*, the contract was formed and allegedly breached outside of Pennsylvania, and all allegedly actionable conduct occurred outside of Pennsylvania. As in *Danziger*, the litigation occurring in Pennsylvania provides but-for causation and nothing more.

Plaintiff asserts that conducting "a claim by claim review does not alter the analysis." [Opp. at 5] Actually, it does; Third Circuit authority makes it clear that

the analysis differs depending on the type of claims at issue. *Danziger*, 148 F.3d at 130. Plaintiff's breezy two-and-a-half-page breakdown of the varying analyses that apply to various types of claims conflates the standards and fails to provide a sufficient – or really any – tie between the allegations she makes in this case and the state of Pennsylvania.

Plaintiff simply glosses over the important requirement that each claim be separately evaluated to determine whether it arises out of or is related to activities directed to the state of Pennsylvania, and ignored the authorities cited in the Motion. But for this Court to find specific jurisdiction with respect to Plaintiff's claims, each of those claims must "arise out of or relate" to allegedly objectionable activity that was "directed" at the forum. *See Numeric Analytics, LLC v. McCabe*, 161 F. Supp. 3d 348, 356-57 (E.D. Pa. 2016) (noting confusion in Third Circuit regarding the relationship of the *Calder* effects test with traditional specific jurisdiction test and concluding that "[i]f jurisdiction cannot be satisfied under the traditional test, courts apply an analysis known as the *Calder* Effects Test").

Here, Plaintiff's tort claims are based entirely on alleged misrepresentations or omissions. But none of those alleged misrepresentations or omissions were made in Pennsylvania or to anyone who was in Pennsylvania, and the initial misrepresentations were made a month before Plaintiff's case was even filed in

Pennsylvania. The law is clear that specific jurisdiction does not arise in a state where none of the underlying conduct occurred.

For example, in *McCabe*, this Court found that personal jurisdiction was lacking over a breach of fiduciary duty claim brought by a company against its former employees under both the traditional specific jurisdiction test and *Calder* effects test when none of the purportedly problematic conduct giving rise to the claim occurred in the forum. The Court observed that because all of the defendants lived and worked outside the forum, the claimed scheming occurred outside the forum, and the injury was likely felt outside the forum, the defendants did not "deliberately target the forum" or "expressly aim their allegedly tortious conduct into Pennsylvania." *Id.* at 357-58.

Similarly, this Court found that it lacked personal jurisdiction over a civil conspiracy claim in *Sugartown Worldwide LLC v. Shanks*, 2015 WL 1312572, at *5 (E.D. Pa. Mar. 24, 2015) when no "substantial act in furtherance of the conspiracy" took place in the state. That result holds true for claims involving fraud, intentional infliction of emotional distress, or negligent infliction of emotional distress. This Court and others have repeatedly dismissed such claims for lack of personal jurisdiction when the conduct supporting those claims did not occur in the state. *See Kyko Global, Inc. v. Bhongir*, 2019 WL 1493400, at *9 (W.D. Pa. Apr. 4, 2019) (holding no specific jurisdiction for fraud claim under

either *Calder* effects test or traditional test when no specific fraudulent conduct was directed to Pennsylvania); *Patchen v. McGuire*, 201 WL 4473233, at *5 (E.D. Pa. Sept. 27, 2012) (finding no specific jurisdiction over a variety of defendants for intentional infliction of emotional distress claim because their conduct did not occur in nor was it deliberately directed at Pennsylvania); *Doerr v. Univ. of Delaware,* 2017 WL 2495169, at *3 (D. N.J. June 9, 2017) (holding no personal jurisdiction in New Jersey when "all of Defendants' alleged wrongdoing took place in Delaware").

Not a single allegation in the Complaint is based on improper conduct that occurred in Pennsylvania. Plaintiff concedes as much [Opp. at 6], arguing only that specific jurisdiction for her tort claims is appropriate because "the defendants have litigated the underlying *Johnson* case in Pennsylvania for nearly a decade." But that is irrelevant. This is not a legal malpractice case, Plaintiff's tort claims do not rest on that conduct, and thus there is no specific jurisdiction as to those claims.

Specific jurisdiction is similarly lacking with respect to Plaintiff's breach of contract claim. "In analyzing specific jurisdiction in the context of a breach of contract claim, district courts consider whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach." *Gen. Elec. Co. v. Deutz AG,* 270 F.3d 144, 150 (3d Cir. 2001) (citations omitted).

Here, the Engagement Agreement has nothing to do with Pennsylvania. It was not negotiated or executed in Pennsylvania, it does not reference filing suit in Pennsylvania, and the lawyers providing services—both Reeves and Hagens Berman—performed virtually all of their work in states other than Pennsylvania.

Faced with these indisputable facts, Plaintiff asserts [Opp. at 6] that "the purpose of the contract is to subject Plaintiff to the jurisdiction of the Pennsylvania courts and to allocate funds recovered in litigation by the defendants in Pennsylvania." Not so. The purpose of the Engagement Agreement was to set out the terms of the lawyer-client relationship, and while that certainly included investigating Plaintiff's claim and potentially filing suit, there was no promise that suit would be filed at all, much less in the state of Pennsylvania.

To the contrary, the Engagement Agreement provides that Reeves "will file Client's action in the state of Texas or, alternatively, in any other appropriate state, with assistance of local counsel licensed to practice law in that state." [Dkt. 25-3]. Thus, the breach of contract claim fails to "arise out of or relate to" the Hagens Berman Defendants' contacts with this forum, establishing that this Court lacks jurisdiction over that claim.

Accordingly, Plaintiff's claims must be dismissed for lack of personal jurisdiction over the Hagens Berman Defendants.

## II.     Dismissal or Transfer is Required Because Plaintiff Agreed that "Venue for Any Dispute" With Her Counsel Would be in Texas.

Rule 12(b)(3) of the Federal Rules of Civil Procedure permits dismissal of a complaint for improper venue. Whether venue lies in this district turns on 28 U.S.C. § 1391(b)(2), which permits an action to be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

As noted in the section above and in the Motion, none of the alleged misrepresentations or omissions giving rise to Plaintiff's claims occurred in Pennsylvania, much less this district. All were made in either Texas or Washington and received in Minnesota. Thus, dismissal under 28 U.S.C. § 1406(a) is appropriate.

But even if § 1391(b)(2) conferred venue here, the venue selection clause in the Engagement Agreement signed by Plaintiff mandates transfer to the Northern District of Texas "unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Texas*, 571 U.S. 49, 50-51 (2013). "Forum selection clauses 'are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'" *Healthcare Servs. Grp., Inc. v. Skyline Servs. Group*, 2018 WL 63773, *3 (E.D. Pa. Jan. 30, 2018) (quoting *M/S Breman v. Zapata Off-Shore Co*., 407 U.S. 1, 10 (1972)).

In their Motion (at p. 18), the Hagens Berman Defendants cited cases from this district in which courts enforced Texas forum selection clauses. *See, e.g., Crowley v. Houston Wiring and Cable Co.*, 2:19-cv-060009-JMY, 2020 WL 127719 (E.D. Pa. Jan. 9, 2020); *Piazza Family Trust II v. Ciarrocchi*, No. 17-1704, 2017 WL 5146007, at *5 (E.D. Pa. Nov. 6, 2017). The *Piazza* Court noted that under Texas law, forum selection clauses are construed to "encompass a variety of non-contractual claims" and held that the breach of fiduciary duty, fraud, conspiracy and other tort claims pled in were governed by the forum selection clause. *Id.* at *8 (citations omitted).

Plaintiff's Opposition simply ignores those federal cases.[1] Instead, mistakenly relying on Texas law, Plaintiff argues that the forum selection clause is unenforceable. But enforceability is an issue of <u>federal</u> law. *Collins v. Mary Kay, Inc.* 875 F.3d 176, 181 (3d Cir. 2017) ("Applying federal law to questions of enforceability of forum selection clauses comports with settled law in this Circuit.") (citations omitted). State law only applies to the <u>interpretation</u> of a forum selection clause, *i.e.*, "whether the claims and parties involved in the suit are

---

[1] Sampson inexplicably seeks to distinguish cases from the Third Circuit case (*Wall St. Aubrey*) and Fourth Circuit (*Sterling Forest Assocs.*) that were not cited or mentioned in the Motion. [Opp. at 18-19.]

subject to the clause." *Id*. (citations omitted).[2]  For that reason alone, her venue argument fails.

But even under Texas law, neither of her two arguments with respect to the enforceability of the forum selection clause have merit, much less constitute the "extraordinary circumstances" needed to set aside the parties' choice of forum.

First, Plaintiff asserts that "there are facts suggesting 'overreach' surrounding the inclusion of the venue selection clause" in the Engagement Agreement such that it would be "unreasonable" to enforce that provision.  [Opp. at 10-11.]   Second, she argues that there is ambiguity in the provision such that a reasonable person would not understand that it would have the effect of requiring dispute resolution in Texas.  [Opp. at 14-19.]

Taking the second point first, one need merely look at the operative language to reject the ambiguity argument: "This Agreement shall be construed in accordance with the laws of the state of Texas, and venue for any dispute shall be in Dallas County, Texas."  That language is not ambiguous by any measure.

---

[2] Sampson does suggest in an off-hand manner [Opp. at 19-20] that at most, the forum selection clause should "apply only to [her] contract/implied covenant claim."  But she cites no cases to support the notion that the venue selection clause's "any dispute" language is limited to contractual claims, and ignores *Piazza* and other cases cited in the Motion that say the opposite.  Moreover, the Texas cases she mistakenly cites on the enforceability issue make clear that there is no support in Texas law for this interpretation argument.  *See, e.g., In re Longoria*, 470 S.W.3d 616, 629 (Tex. App. 2015) (holding that claims for breach of fiduciary duty and tortious interference fell within scope of forum selection clause)

Moreover, ambiguity is not the test for setting aside a forum selection clause. Not surprisingly, Plaintiff cannot cite a single case from any jurisdiction in which a court has declined to enforce a forum selection clause with such language or on other "ambiguity" grounds.

Plaintiff's "overreach" argument is equally infirm on both the facts and the law. Plaintiff does not contend that Reeves misled her about the forum selection clause. Nor does she contend that litigating in Texas would be onerous such that it would be unreasonable to enforce the agreement. It is undisputed that Plaintiff called Reeves in Texas, received the Engagement Agreement in the mail from Texas on September 29, 2011, read it in her own home without pressure from Reeves, signed it on October 4, 2011, and mailed to Reeves in Texas. [*See* Compl. ¶¶ 27, 29.] To support her claim that it would be overreaching to enforce the Texas forum selection clause, Plaintiff merely declares that she did not draft the Engagement Agreement, did not consider it to be negotiable, and did not discuss with Reeves the possibility that if there was litigation between them it would need to be in Texas. [Dkt. 25-1 at ¶¶ 4 & 5.] These facts do not establish fraud or overreaching.

Plaintiff's "overreaching" argument rests on *Falk & Fish, LLP v. Pinkston's Lawnmower and Equip., Inc.*, 317 S.W.3d 523 (Tex. App. 2010). Plaintiff asserts [Opp. at 13] that "[t]he facts here are like *Falk*," but they are not. In *Falk*, a lawyer

licensed in North Carolina (and Texas) began representing a North Carolina business in a lawsuit pending in North Carolina. <u>Six months after appearing in the litigation</u> the lawyer brought an engagement agreement with him to a meeting at the North Carolina business. *Id.* at 529. The client signed it without reading it. *Id.* The agreement included the following sentence: "You agree our relationship and our agreement is controlled by Texas law, and the applicable courts of Dallas, Texas shall be the *for a* [sic] for all attorney-client disputes." *Id.* at 525. The lawyer later filed suit in Texas. The North Carolina client submitted a declaration asserting that he expected that any disputes with the North Carolina-licensed lawyer representing him in North Carolina litigation would be resolved in North Carolina. Not surprisingly, the Texas Court of Appeals held that the North Carolina business was not subject to personal jurisdiction in Texas.

Those facts bear little resemblance to this case, where there were substantial ties to Texas in terms of formation of the attorney-client relationship; there is no declaration from Plaintiff explaining where she expected disputes with her Texas-licensed counsel would be resolved if not in Texas; Plaintiff had ample time to review the agreement in her own home without anyone pressuring her to sign it; she read the Engagement Agreement before she signed it; Reeves did not begin

representing Plaintiff until the agreement was signed and returned; and the forum selection language is clear and explicit.[3]

Plaintiff asserts that "[w]ithout the venue selection clause, there is no connection between this case and Texas, and no reason for any party to prefer litigation there." That is plainly inaccurate.  Plaintiff called Reeves in Texas and corresponded with her there, Reeves was licensed in Texas, Gordon & Reeves was based in Texas, Texas is the only venue specifically mentioned in the Engagement Letter as a potential venue for filing Plaintiff's claim, and the Employment Agreement is to be construed in accordance with the laws of the State of Texas.

In sum, Plaintiff falls far short of demonstrating the "extraordinary circumstances" necessary to set aside the forum selection clause here, which is entitled to a presumption of validity.  In accordance with *Atlantic Marine* and its progeny, that provision must be enforced, and this case must either be dismissed or transferred to the Northern District of Texas (assuming it is not dismissed for lack of personal jurisdiction).[4]

---

[3] Despite the typographical error concerning the very subject of the clause ("for a"), the Texas court found that the language was "not ambiguous"; however, it ultimately held that there was not a "clear, explicit forum selection clause in this case." *Id.* at 528.

[4] As a fallback measure, Sampson seeks to avoid the consequences of the forum selection clause by offering to dismiss her contract/implied covenant claim if the Court concludes that it is subject to the forum-selection clause.  But this not a remedy available to her.  The parties have agreed that the proper venue for "any dispute" is in Texas, and that provision applies to all her claims, and will continue

## CONCLUSION

The Hagens Berman Defendants respectfully request that Plaintiff's Complaint be dismissed for lack of personal jurisdiction. Failing that, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) because venue is improper under 28 U.S.C. § 1391(b). Should the Court nonetheless conclude that it has personal jurisdiction and decline to dismiss for improper venue, The Hagens Berman Defendants request that the case be transferred to the Northern District of Texas, as the parties agreed.

---

to apply even if the contract/implied covenant claim were to be dismissed or had never been brought in the first place.

DATE:  August 14, 2020   Respectfully submitted,

*s/ Keith Beauchamp*

COPPERSMITH BROCKELMAN PLC

Keith Beauchamp (*pro hac vice*)
kbeauchamp@cblawyers.com
Roopali H. Desai (*pro hac vice*)
rdesai@cblawyers.com
2800 N. Central Avenue, Suite 1900
Phoenix, AZ 85004
602.381.5490
Fax: 602.224.6020

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI LLP

Gaetan J. Alfano
Pennsylvania Bar No. 32971
GJA@pietragallo.com
Douglas E. Roberts
Pennsylvania Bar No. 321950
DER@pietragallo.com
1818 Market Street, Suite 3402
Philadelphia, PA 19102
Telephone: (215) 320-6200
Facsimile: (215) 981-0082

*Attorneys for Hagens Berman Sobol Shapiro, LLP, and Steve Berman*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on August 14, 2020, the foregoing Reply in Support of The Hagens Berman Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue was filed electronically and served on all counsel of record via the Court's CM/ECF system.

                              PIETRAGALLO GORDON ALFANO
                              BOSICK & RASPANTI LLP

                              *s/ Douglas E. Roberts*

                              Gaetan J. Alfano
                              Pennsylvania Bar No. 32971
                              GJA@pietragallo.com
                              Douglas E. Roberts
                              Pennsylvania Bar No. 321950
                              DER@pietragallo.com
                              1818 Market Street, Suite 3402
                              Philadelphia, PA 19102
                              Telephone: (215) 320-6200
                              Facsimile: (215) 981-0082

                              *Attorneys for Hagens Berman Sobol Shapiro, LLP, and Steve Berman*