

**Keith Beauchamp**
kbeauchamp@cblawyers.com
PH.  (602) 381-5490
2800 North Central Avenue, Suite 1900
Phoenix, AZ 85004
CBLAWYERS.COM

August 26, 2020

The Honorable Paul S. Diamond
Chambers_of_Judge_Paul_S_Diamond@paed.uscourts.gov

> **Re:  Opposition to Plaintiff's Motion for Sanctions/Motion to Compel**
> *Sampson v. Hagens Berman Sobol Shapiro LLP, et al.*
> Case No. 2:20-cv-02232 (PD) (E.D. Pa.)

Dear Judge Diamond:

After proactively working with Plaintiff's counsel for more than two weeks to obtain an order that will permit defendants to participate in discovery without risking their jurisdictional defenses, we were blindsided and shocked by the motion submitted earlier today by counsel for Plaintiff Carolyn Sampson.  The motion seeks to manufacture a dispute where none exists and obtain  judgment as a sanction.  The motion was submitted without notice and in disregard of the meet-and-confer requirements.

This letter constitutes the response to that motion by Defendants Hagens Berman Sobol Shapiro LLP and Steve Berman (collectively, "Hagens Berman").[1]  Contrary to the picture painted in the motion, the parties have been communicating regularly and cooperating to address scheduling and discovery issues.  Hagens Berman has worked diligently to timely respond to Ms. Sampson's discovery requests.[2]  Plaintiff's motion should be denied.

First, the motion misrepresents or omits material facts.  The factual predicate of the motion—that Hagens Berman "simply let the [August 20] deadline pass without acknowledging it in any way"—is baseless.  Hagens Berman' counsel was explicit two weeks ago that his clients could not produce documents without a "no-waiver" order and expeditiously sought to obtain such an order.  The purported prejudice underlying the

---

[1]  By submitting this response to Ms. Sampson's motion, Hagens Berman and Mr. Berman do not waive their personal jurisdiction and venue defenses, which are pending before this Court.

[2] To underscore the seriousness with which we take these matters, attached as Exhibit A is an under-oath description of the recent discussions with Mr. Boebel.

The Hon. Paul S. Diamond
August 26, 2020
Page 2

motion—that Hagens Berman is attempting to "run out the clock and jam Sampson up against the close of discovery" is simply false. For example, it ignores that earlier today, counsel for Hagens Berman offered to work cooperatively with Mr. Boebel to approach the Court to seek an extension, if Mr Boebel so desired, to ensure that Ms. Sampson was not prejudiced. Making such an offer is precisely the opposite of seeking to "jam Sampson up against the close of discovery."

Second, Mr. Boebel did not satisfy his obligation to meet and confer and did not file the requisite Certification of Counsel stating he had met his obligation. In the phone call that occurred earlier today, the parties discussed the discovery schedule and seemingly reached agreement to jointly approach the Court for clarification; the parties certainly were not at impasse, nor did Mr. Boebel state that he would be filing a motion just hours after that call concluded.

### Plaintiff's Motion Misstates or Omits Material Information

From the time the Scheduling Order was entered in July, Hagens Berman has worked to meet the deadlines in that order. Significant effort and resources have been brought to bear to collect, review, and produce relevant documents responsive to the 85 Requests for Production served by Plaintiff on Hagens Berman and the additional 39 Requests for Production served on Steve Berman. The suggestion implicit in Plaintiff's motion that Hagens Berman is shirking its discovery obligations is without basis.

Pursuant to the Scheduling Order, August 31, 2020 is the deadline for responding to written discovery and serving Rule 26(f) disclosures. September 10, 2020 is the deadline for completion of discovery. August 20, 2020 was the deadline for Hagens Berman to respond to the 140 Requests for Production of Documents served on them by Plaintiff. At this juncture, none of the parties have produced documents.

At the suggestion of undersigned counsel, the parties have conferred on a near weekly basis about production and scheduling issues. In early August, Hagens Berman advised Plaintiff that it intended to begin a rolling production of relevant documents responsive to her discovery requests even before they were due. The date by which Hagens Berman hoped to make the first production was Wednesday, August 12, 2020, subject to a protective order being entered prior to the start of production.

On August 9, 2020, counsel for Hagens Berman advised Plaintiff that an order from the Court would be needed to confirm that the firm's jurisdictional defenses were not waived by seeking entry of the protective order and by participating in discovery:

> The best way to achieve this would be to have the joint motion
> seeking entry of the Stipulated Protective Order recite that the parties agree

{00511791.1 }

The Hon. Paul S. Diamond
August 26, 2020
Page 3

that seeking entry of a protective order and participating in the court-ordered discovery does not constitute waiver of personal jurisdiction and venue.   The Stipulated Protective Order would have Judge Diamond memorialize the "no-waiver" point, and you will see there is a paragraph to that effect at the end of Section I of the attached Stipulated Protective Order.

Until we receive confirmation on the "no-waiver" from Ms. Sampson (and then Judge Diamond), Hagens cannot participate in discovery so as not to risk its jurisdictional defenses.  However, if the parties agree, we can submit the joint motion for entry of stipulated protective order within a day or two, and Judge Diamond seems to rule quickly on these matters, I expect we could get that order entered this week. …

Putting aside the above issues, Hagens Berman remains on track to make its initial production on Wednesday (or as soon thereafter as we get the above issue resolve[d]).

[Ex. B, August 9, 2020 email from K. Beauchamp to N. Boebel]

Plaintiff and Hagens Berman thereafter jointly submitted a proposed form of Protective Order that included the no-waiver language.  [*See* Dkt. 28]

On August 21, 2020, in response to Mr. Boebel's email inquiry about the status of Hagens Berman' discovery responses, counsel for Hagens Berman advised:

1.    As I said in my August 9, 2020 email, Hagens cannot participate in discovery that might jeopardize its jurisdictional defenses absent entry of an order from the court confirming that such participation does not constitute waiver.

2.    With your cooperation, we have jointly submitted a protective order to the Court that would have Judge Diamond confirm that participation in discovery does not constitute waiver.  We are hopeful that the order will be entered promptly, and are happy to join in a letter or call to chambers or some other appropriate measure that might expedite entry of the protective order.  (I have not discussed this yet with Gaetan and Doug, but am happy to do so).

3.    My clients are ready, willing and able to immediately begin producing documents as soon as such an order is entered, and that has been

{00511791.1 }

The Hon. Paul S. Diamond
August 26, 2020
Page 4

the case for several days now.  Similarly, we are ready to provide written discovery responses once the order is entered.

[Exhibit C, August 21, 2020 email from K. Beauchamp to N. Boebel]

On August 21, 2020, this Court denied without prejudice the motion for entry of a Protective Order, indicating that Special Master Hangley should first resolve the issues before him in the consolidated *Johnson* case relating to waiver of attorney-client privilege and/or work product.  [Dkt. 29]

Upon learning that the protective order (with its no-waiver language) had been denied, counsel for Hagens Berman promptly called Mr. Boebel and followed up with an email in a second effort to secure a court order so that Hagens Berman could begin producing documents.

I called and left a voicemail on your cell about an hour before you sent the email below, not sure if you heard it yet.  It advised that we would circulate a joint motion asking Judge Diamond to enter an order confirming that Hagens Berman's production does not constitute waiver.  I will aim to get that to you prior to our call tomorrow, but if not by then, definitely over the weekend.  It will use language substantially similar to what we had in the joint motion/protective order.  I see no reason we can't get that filed on Sunday or first thing Monday morning, and based on his track record, Judge Diamond will likely review it (and hopefully sign it) promptly.  Hagens Berman is ready to produce documents and provide written discovery responses upon entry of such an order and will continue to do what it takes to expedite entry of such an order.

[Ex. C, August 21, 2020 email from K. Beauchamp to N. Boebel]

Counsel for Plaintiff and Hagens Berman conferred this past weekend and agreed to submit a joint motion to the court to obtain a "no-waiver" order that would facilitate Hagens Berman's production.  The Motion for Order to Facilitate Discovery was filed by Plaintiff and Hagens Berman on August 24, 2020.  [Dkt. 30]

In sum, Hagens Berman has not refused to acknowledge its discovery obligations.  To the contrary, Hagens Berman raised the need for a "no-waiver" order early in the

{00511791.1 }

The Hon. Paul S. Diamond
August 26, 2020
Page 5

process, has been proactive in seeking to have such an order entered, and has been explicit that it will participate in discovery upon entry of such an order.[3]

Further, Hagens Berman has not sought to prejudice Plaintiff in connection with the timing of discovery.  Indeed, Plaintiff has never asked Hagens Berman to join in any request to move the discovery deadlines to avoid any purported prejudice to her.  And, most notably, as explained below and in the attached Declaration of Keith Beauchamp, Mr. Boebel's letter fails to advise the Court that, in a phone call this morning, counsel for Hagens Berman volunteered to join in any request to the Court to move deadlines to the extent that counsel for Plaintiff (or Ms. Reeves) thought that might be necessary.  An offer to support a request to extend deadlines is, of course, precisely the opposite of trying to "run out the clock and jam Sampson up against the close of discovery," as Mr. Boebel alleges on page 3 of the Motion.

During today's phone call, Mr. Boebel and other counsel discussed discovery and scheduling issues.  Notably, Mr. Boebel gave no indication that he intended to file a motion just hours later.

Rather, all counsel—including Mr. Boebel—agreed that the time frame for discovery set out in the Scheduling Order [Dkt. 15] likely could not be met in light of the facts that: (i) a protective order apparently will not be entered until after Special Discovery Master Hangley rules on certain privilege/work-product issues before him; (ii) there are certain documents entitled to protection under Fed. R. Civ. 26(c) [see Dkt. 28] that cannot be produced until a protective order is entered; and (iii) Defendants have not yet produced documents or provided substantive discovery responses because an order has not yet been entered confirming that such participation in discovery would not constitute waiver of personal jurisdiction and/or venue defenses.

During the call, the parties discussed that it would be useful to bring these and related issues to the Court's attention, and counsel for Ms. Reeves agreed to draft a motion for clarification (or something along those lines) and circulate it to all counsel for review and comment. The call ended with the understanding that counsel for all parties would review the not-yet-drafted motion for clarification and confer again about next steps.

---

[3] Although Plaintiff's motion implies that it is unreasonable for Hagens Berman to seek confirmation from this Court that participation in discovery does not waive jurisdictional defenses, in the absence of clear authority from the Third Circuit on this issue, it is entirely appropriate for Hagens Berman to seek confirmation from this Court on such an important issue.

{00511791.1 }

The Hon. Paul S. Diamond
August 26, 2020
Page 6

**Plaintiff's Counsel Failed to Meet and Confer Before Filing the Motion**

Plaintiff's motion is procedurally infirm, in addition to lacking a factual basis. This Court's Standing Order, at Section V.A, [Dkt. 02] provides:

> I expect Counsel to comply with the Federal Rules of Civil Procedure and all Local Rules respecting discovery. In accordance with Rule 1 and the conciliation requirements of Local Rule 26.1(f), Counsel shall make reasonable efforts to resolve discovery disputes among themselves in an expeditious and professional manner. Before bringing a discovery dispute to my attention, Counsel must certify that they have made a reasonable effort to resolve the dispute.

Dkt. 02 at § V.A.

Similarly, Local Rule 26.1(f) requires a certification of counsel that a reasonable effort was made to resolve the dispute. "No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."

No certification of counsel was enclosed with Mr. Boebel's letter, nor could one be, because there was no dispute. Plaintiff has twice joined Hagens Berman in seeking an order from the Court for the express purpose of facilitating Hagens Berman's production of discovery responses and documents. [*See* Dkt. 28 & Dkt. 30.]

Simply put, Mr. Boebel sandbagged Hagens Berman by filing today's motion.

**The Draconian Relief Requested Confirms Plaintiff's Gamesmanship Here**

Even assuming that Hagens Berman had failed to respond to discovery with no explanation and with improper motive (which is not what happened), the draconian relief sought by Plaintiff is so extreme it underscores the true motive here. At issue are responses to Requests for Production of Documents that, according to Plaintiff, are less than a week overdue. Long before the responses were due, Hagens Berman raised with Plaintiff the need for a "no-waiver" order and diligently has sought to obtain such an order. Plaintiff has not yet suffered any actual prejudice, but claims she may later be prejudiced if she cannot complete discovery within the current schedule (while ignoring (i) that she has not sought to extend the schedule and (ii) that Hagens Berman has said it is amenable to seeking relief from the Court if Plaintiff believed that to be necessary).

The Hon. Paul S. Diamond
August 26, 2020
Page 7


      The two cases cited by Plaintiff in support of her request for entry of judgment as a sanction bear no resemblance to these facts. *See Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 865-66 (3d Cir. 1984) (with no legal justification, plaintiffs failed to answer or file interrogatories, file a pre-trial statement, or respond to a motion to compel) and *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003) (plaintiff was sanctioned for failing to provide a damages calculation despite discovery requesting such information until one week before trial was set to begin).

      Here, Hagens Berman has not ignored the deadlines imposed by the Court, but instead made proactive efforts to obtain an order to permit compliance, while simultaneously preparing its written responses. No grounds exist to support the harsh sanction sought here, and that Plaintiff would even seek such a sanction on these facts illustrates that her motion was filed in bad faith.

*        *        *

      Hagens Berman respectfully requests that Plaintiff's motion, which omits key facts and is procedurally improper, be denied and that her Counsel be sanctioned or admonished to deter such motions from being filed in the future.

Sincerely,

Keith Beauchamp

KB:slm


cc:    Nicholas Boebel, Counsel for Plaintiff
       nboebel@hansenreynolds.com
       Matthew Weisberg, Counsel for Plaintiff
       mweisberg@weisberglawoffices.com

       David Senoff, Counsel for Defendant Reeves
       dsenoff@firstlawstrategy.com
       Hillary Weinstein, Counsel for Defendant Reeves
       hweinstein@firstlawstrategy.com

       Gaetan Alfano, Counsel for Hagens Berman Defendants
       GJA@Pietragallo.com

{00511791.1 }

The Hon. Paul S. Diamond
August 26, 2020
Page 8

       Doug Roberts, Counsel for Hagens Berman Defendants
       DER@Pietragallo.com

       Roopali Desai, Counsel for Hagens Berman Defendants
       rdesai@cblawyers.com

{00511791.1 }