# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CAROLYN SAMPSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HAGENS BERMAN SOBOL<br>SHAPIRO LLP; KAY GUNDERSON<br>REEVES; STEVE W. BERMAN,<br><br>　　　　Defendants. | No. 2:20-cv-02232 PD<br><br><br>Related Case: 2:11-cv-05782 PD |

## DECLARATION OF KEITH BEAUCHAMP RE PLAINTIFF SAMPSON'S LETTER MOTION

I, Keith Beauchamp, declare as follows:

1.　　I am a partner in the law firm Coppersmith Brockelman PLC in Phoenix, Arizona. I have been admitted to practice law in the State of Arizona since 1989 and have been admitted *pro hac vice* in this action.

2.　　I am counsel for two of the defendants in this action, Hagens Berman Sobol Shapiro LLP and Steve W. Berman ("Hagens Berman Defendants").

3.　　I have personal knowledge of the matters recited herein and, if called upon to testify concerning them under oath, could and would testify competently thereto.

4.　　I make this Declaration in Response to the motion to compel/motion for sanctions submitted by counsel for Plaintiff Carolyn Sampson in a letter to the Honorable Paul Diamond on August 25, 2020 ("Motion").

{00511853.1 }

5.      Prior to receiving the Motion by email late this afternoon, I had no idea that Mr. Boebel intended to file a motion of any sort. I was shocked to receive it.

6.      Mr. Boebel and I spoke on the phone earlier today, in a call that addressed discovery and scheduling and lasted about 35 minutes. David Senoff, counsel for Defendant Kay Reeves, and his law partner Hillary Weinstein were also on that call, as was my law partner Roopali Desai. Mr. Boebel gave no indication in that call that he intended to file a motion just hours later. Indeed, his comments indicated that he was not planning to file a motion and was interested in reviewing and perhaps joining the motion for clarification that the parties discussed during that call.

7.      I also spoke to Mr. Boebel over the weekend about discovery issues and exchanged emails with him as we worked cooperatively to file the Motion to Facilitate Discovery, which Plaintiff joined and which was filed on Monday, August 24, 2020. Mr. Boebel did not state that he intended to file a motion to compel or motion for sanctions in those communications nor, obviously, did he seek to meet and confer about it.

8.      Based on my calls and email communications with Mr. Boebel, I was under the impression that the parties were working cooperatively to resolve concerns about the discovery deadlines, confidentiality, and preservation of the

jurisdictional defenses. At no time did Mr. Boebel indicate that the parties were at an impasse or that there was a discovery dispute that the parties could not resolve without court intervention.

9.      Mr. Boebel did not meet and confer with me about the Motion prior to filing it.

10.      During our phone call today, all counsel—including Mr. Boebel— agreed that the time frame for discovery set out in the Scheduling Order [Dkt. 15] could not be met in light of the facts that (i) a protective order apparently will not be entered until after Special Discovery Master Hangley rules on certain privilege/work-product issues before him; (ii) there are certain documents entitled to protection under Fed. R. Civ. 26(c) [see Dkt. 28] that cannot be produced until an order is entered; and (iii) Defendants have not yet produced documents or provided substantive discovery responses because an order has not been entered confirming that participation in discovery would not constitute waiver of personal jurisdiction and/or venue defenses.

11.      During today's call, the parties discussed that it would be useful to bring these and related issues to the Court's attention, and counsel for Ms. Reeves volunteered to draft a motion for clarification (or something like it) and circulate it to all counsel for review.

12.    I stated at the very outset of the today's phone call that, in light of the factors discussed in paragraph 10, above, if counsel for Ms. Sampson or Ms. Reeves wanted to move back the discovery deadlines, my clients would not object.

13.    To be clear, undersigned counsel indicated in the phone call with Mr. Boebel this morning that the Hagens Berman Defendants would be willing to move back the discovery deadlines if Plaintiff sought such relief in light of the schedule. Yet the Motion filed by Mr. Boebel this afternoon omits this important fact.

I declare under the penalty of perjury that the foregoing is true and correct.

EXECUTED this 25th day of August, 2020 in the state of Arizona.

_Keith Beauchamp_

_____

Keith Beauchamp

# EXHIBIT B

## Keith Beauchamp

| | |
|---|---|
| **From:** | Keith Beauchamp |
| **Sent:** | Sunday, August 9, 2020 10:12 AM |
| **To:** | 'Nick Boebel' |
| **Cc:** | 'DER@Pietragallo.com'; Gaetan J. Alfano; Roopali Desai; David Senoff; 'Hillary Weinstein'; Matthew B. Weisberg, Esq. |
| **Subject:** | RE: Discovery |
| **Attachments:** | 2020-08-09 DRAFT Stipulated Protective Order (00508985xC217C).docx |

Hi Nick.  Attached is draft Stipulated Protective Order.  This is the first that David and Hillary have seen of it, so they may well have proposed edits/comments.  I vaguely recall that Hillary or David mentioned that we can facilitate the process for filing materials containing Confidential Information under seal by putting some specific language in the PO, and I am open to any suggestions along those lines.  Also, claw-back language has been inserted into the protective order, as you suggested.

The protective order, and your question below about the timing of Hagen's discovery responses, raise a housekeeping item with respect to personal jurisdiction.  We do not want to jointly move for entry of a protective order and have Ms. Sampson (or Judge Diamond) view that as waiver of the personal jurisdiction and venue defenses asserted in my clients' Rule 12 motions.  Relatedly, we also need confirmation that Ms. Sampson will not argue that producing documents and otherwise participating in the merits discovery ordered by the Court constitutes waiver of personal jurisdiction or venue arguments.

Ms. Sampson would not be disadvantaged by providing that confirmation, because the law is clear that when (as here) a party asserts a personal jurisdiction defense at its first opportunity, it does not waive the privilege even if it participates in court-ordered discovery while the motion is under consideration. *See, e.g., In re Sch. Asbestos Litig.*, No. 83-0268, 1993 WL 298301, at *1 (E.D. Pa. Aug. 2, 1993) (finding no waiver where defendant "raised the personal jurisdiction challenge seasonably so as to preserve it for all purposes and . . . proceeded to litigate the merits of the case only because it was required to do so by court orders.").  This would not, of course, preclude Ms. Sampson from making whatever other arguments she intends to make with respect to personal jurisdiction.

The best way to achieve this would be to have the joint motion seeking entry of the Stipulated Protective Order recite that the parties agree that seeking entry of a protective order and participating in the court-ordered discovery does not constitute waiver of personal jurisdiction and venue.   The Stipulated Protective Order would have Judge Diamond memorialize the "no-waiver" point, and you will see there is a paragraph to that effect at the end of Section I of the attached Stipulated Protective Order.

Until we receive confirmation on the "no-waiver" from Ms. Sampson (and then Judge Diamond), Hagens cannot participate in discovery so as not to risk its jurisdictional defenses.  However, if the parties agree, we can submit the joint motion for entry of stipulated protective order within a day or two, and Judge Diamond seems to rule quickly on these matters, I expect we could get that order entered this week.  In the meantime, please consider the discovery requests sent to Ms. Sampson to be withdrawn.  It would be unfair for Ms. Sampson to produce documents when Hagens is not yet doing so.

Putting aside the above issues, Hagens Berman remains on track to make its initial production on Wednesday (or as soon thereafter as we get the above issue resolve).   If Ms. Sampson will not provide the requested "no-waiver" confirmation, we will need to file a motion to stay discovery or seek other appropriate relief from the Court.  I'd like to avoid doing, given that the complying with the court-ordered discovery schedule does not amount to waiver in the first place.

1

I'm happy to set up a call to discuss if you like. Otherwise, we look forward to your comments on the Stipulated Protective Order.

Regards,
Keith
480.332.5512 (cell)

**From:** Nick Boebel [mailto:NBoebel@hansenreynolds.com]
**Sent:** Friday, August 7, 2020 6:07 PM
**To:** Keith Beauchamp <kbeauchamp@cblawyers.com>; Roopali Desai <rdesai@cblawyers.com>
**Cc:** 'DER@Pietragallo.com' <DER@Pietragallo.com>; Gaetan J. Alfano <GJA@Pietragallo.com>
**Subject:** Discovery

-External Sender-

Keith and Roopali,

I was hoping to get you Carolyn's responses today but it looks like it will be Monday or possibly Tuesday.

Also, when can I expect 1) the HB defendants' responses to Sampson's written discovery; and 2) the protective order we discussed yesterday? Thank you.

Best Regards,

**Nicholas Boebel**
Partner
nboebel@hansenreynolds.com
(612) 286-0208 ext.2

# EXHIBIT C

## Keith Beauchamp

| | |
|---|---|
| **From:** | Keith Beauchamp |
| **Sent:** | Friday, August 21, 2020 2:17 PM |
| **To:** | Nick Boebel; mweisberg@weisberglawoffices.com |
| **Cc:** | David Senoff; Gaetan J. Alfano; 'DER@Pietragallo.com'; Roopali Desai; Hillary Weinstein |
| **Subject:** | RE: Sampson v. Hagens Berman Sobol Shapiro, et al. |

Hi Nick.  My thoughts on this are as follows:

1.    As I said in my August 9, 2020 email, Hagens cannot participate in discovery that might jeopardize its jurisdictional defenses absent entry of an order from the court confirming that such participation does not constitute waiver.

2.    With your cooperation, we have jointly submitted a protective order to the Court that would have Judge Diamond confirm that participation in discovery does not constitute waiver.  We are hopeful that the order will be entered promptly, and are happy to join in a letter or call to chambers or some other appropriate measure that might expedite entry of the protective order.  (I have not discussed this yet with Gaetan and Doug, but am happy to do so).

3.    My clients are ready, willing and able to immediately begin producing documents as soon as such an order is entered, and that has been the case for several days now.  Similarly, we are ready to provide written discovery responses once the order is entered.

4.    Your email is the first mention of potentially conducting jurisdictional discovery.  From my perspective, labeling the discovery as "jurisdictional discovery" does not change the need to have a "no-waiver" order entered by Judge Diamond, particularly since Judge Diamond has not ordered that there be jurisdictional discovery.  Moreover, Ms. Sampson did not (to my recollection) request jurisdictional discovery in her response to my clients' Motion to Dismiss for Lack of Personal Jurisdiction.

5.    It would be helpful to know in advance of conferring what Ms. Sampson's position is or, put another way, what relief she intends to seek from the Court and why as to my client.  Subject to input from the various Philadelphia practitioners, I suggest that the first step (and the most efficient thing to do) would be to reach out to the Court about promptly entering the protective order.  For my clients, at least, entry of the protective order resolves the issue.

I am generally available to confer on the dates you suggest, and prefer that Ms. Reeves' counsel also be on the call rather have separate calls.  In the meantime, feel free to let me know your thoughts on my comments above.  Thanks.

Regards,
Keith

**From:** Nick Boebel <NBoebel@hansenreynolds.com>
**Sent:** Friday, August 21, 2020 1:17 PM
**To:** Christina McNally <cmcnally@firstlawstrategy.com>; mweisberg@weisberglawoffices.com
**Cc:** David Senoff <dsenoff@firstlawstrategy.com>; Gaetan J. Alfano <GJA@pietragallo.com>; Keith Beauchamp <kbeauchamp@cblawyers.com>; 'DER@Pietragallo.com' <DER@pietragallo.com>; Roopali Desai <rdesai@cblawyers.com>
**Subject:** Re: Sampson v. Hagens Berman Sobol Shapiro, et al.

1

-External Sender-

All,

A few issues:

David and Hillary,

It is apparent that Reeves will not engage, voluntarily or otherwise, in discovery and will instead rely on her personal jurisdiction and rule 12 arguments. That's a legitimate strategic choice and one used by hundreds if not thousands of litigants across the country every year. That said and as I'm sure you realize, Sampson will need to raise these issues with the Court. As your interrogatory responses indicate some willingness to engage in discovery related to personal jurisdiction, Sampson believes that at least Interrogatories 3, 5, and 6 are relevant to both jurisdiction and the underlying merits. We also believe that document requests 12, 14, 27, 28, 29, 30, 36, 37 (both), 45, and 46 have dual relevance. As there may be dual relevance, I want provide the opportunity for a meet and confer to discuss your responses before raising these issues with the Court.

Keith and Roopali,

While your clients withdrew their discovery requests to Sampson (8/9/20 email), Sampson did not withdraw her discovery requests to your clients. A meet and confer to discuss this issue seems like a good idea before raising this issue with the Court.

I am available for a call to discuss these issues—either jointly or individually—later today, Saturday, Sunday, or Monday as these matters need to brought to the Court's attention shortly. Thank you.

Best Regards,

**Nicholas Boebel**

Partner

nboebel@hansenreynolds.com

(612) 286-0208 ext.2

---

**From:** Christina McNally <cmcnally@firstlawstrategy.com>
**Sent:** Thursday, August 20, 2020 10:58 PM
**To:** Nick Boebel <NBoebel@hansenreynolds.com>; mweisberg@weisberglawoffices.com <mweisberg@weisberglawoffices.com>
**Cc:** David Senoff <dsenoff@firstlawstrategy.com>; Gaetan J. Alfano <GJA@pietragallo.com>; Keith Beauchamp <kbeauchamp@cblawyers.com>; 'DER@Pietragallo.com' <DER@pietragallo.com>; Roopali Desai <rdesai@cblawyers.com>
**Subject:** Sampson v. Hagens Berman Sobol Shapiro, et al.

Attached are Defendant, Kay Gunderson Reeves' Responses to Plaintiff's First Set of Requests for Production of Documents.

Christina McNally, Paralegal

First Law Strategy Group, LLC
121 S. Broad Street | Suite 300
Philadelphia, PA 19107
(215) 258-4700
cmcnally@firstlawstrategy.com

First Law Strategy Group, LLC
121 S. Broad Street | Suite 300
Philadelphia, PA 19107
(215) 258-4700
cmcnally@firstlawstrategy.com

3

# EXHIBIT D

## Keith Beauchamp

| | |
|---|---|
| **From:** | Keith Beauchamp |
| **Sent:** | Saturday, August 22, 2020 10:50 AM |
| **To:** | Nick Boebel; mweisberg@weisberglawoffices.com |
| **Cc:** | David Senoff; Gaetan J. Alfano; 'DER@Pietragallo.com'; Roopali Desai; Hillary Weinstein |
| **Subject:** | RE: Sampson v. Hagens Berman Sobol Shapiro, et al. |
| **Attachments:** | 2020-08-22 Motion Re No Waiver of Jurisdiction (00511264xC217C).docx; 2020-08-22 Order to Facilitate Discovery (00511277xC217C).docx |

Nick, attached is a proposed form of order and joint motion for your review and comment.   I'll give you ring in about an hour.

Regards.

**From:** Keith Beauchamp
**Sent:** Friday, August 21, 2020 7:20 PM
**To:** Nick Boebel <NBoebel@hansenreynolds.com>; mweisberg@weisberglawoffices.com
**Cc:** David Senoff <dsenoff@firstlawstrategy.com>; Gaetan J. Alfano <GJA@pietragallo.com>; 'DER@Pietragallo.com' <DER@pietragallo.com>; Roopali Desai <rdesai@cblawyers.com>; Hillary Weinstein <hweinstein@firstlawstrategy.com>
**Subject:** RE: Sampson v. Hagens Berman Sobol Shapiro, et al.

Nick, I am available to talk tomorrow at 3:00 pm eastern. I will call your cell then.

I called and left a voicemail on your cell about an hour before you sent the email below, not sure if you heard it yet.  It advised that we would circulate a joint motion asking Judge Diamond to enter an order confirming that Hagens Berman's production does not constitute waiver. I will aim to get that to you prior to our call tomorrow, but if not by then, definitely over the weekend. It will use language substantially similar to what we had in the joint motion/protective order. I see no reason we can't get that filed on Sunday or first thing Monday morning, and based on his track record, Judge Diamond will likely review it (and hopefully sign it) promptly. Hagens Berman is ready to produce documents and provide written discovery responses upon entry of such an order and will continue to do what it takes to expedite entry of such an order.

Regards,
Keith

**From:** Nick Boebel <NBoebel@hansenreynolds.com>
**Sent:** Friday, August 21, 2020 4:59 PM
**To:** Keith Beauchamp <kbeauchamp@cblawyers.com>; mweisberg@weisberglawoffices.com
**Cc:** David Senoff <dsenoff@firstlawstrategy.com>; Gaetan J. Alfano <GJA@pietragallo.com>; 'DER@Pietragallo.com' <DER@pietragallo.com>; Roopali Desai <rdesai@cblawyers.com>; Hillary Weinstein <hweinstein@firstlawstrategy.com>
**Subject:** Re: Sampson v. Hagens Berman Sobol Shapiro, et al.

-External Sender-

Responses inline in blue:

1

Hi Nick. My thoughts on this are as follows:

1.      As I said in my August 9, 2020 email, Hagens cannot participate in discovery that might jeopardize its jurisdictional defenses absent entry of an order from the court confirming that such participation does not constitute waiver.

As you so ably pointed out, the law is quite clear that participating in discovery for purposes of complying with court orders is not a waiver of jurisdictional defenses. We have already confirmed that we would not make a waiver argument. That position has been memorialized in a joint motion, albeit one denied without prejudice. Judge Diamond's standing order is clear that "discovery will not be stayed while any motion is pending, including any motion to dismiss and/or motion for protective order." At least Reeves cut and pasted jurisdictional objections into a document. I'm not quite sure how to explain what you are doing.

2.      With your cooperation, we have jointly submitted a protective order to the Court that would have Judge Diamond confirm that participation in discovery does not constitute waiver.  We are hopeful that the order will be entered promptly, and are happy to join in a letter or call to chambers or some other appropriate measure that might expedite entry of the protective order.  (I have not discussed this yet with Gaetan and Doug, but am happy to do so).

See above.

3.      My clients are ready, willing and able to immediately begin producing documents as soon as such an order is entered, and that has been the case for several days now.  Similarly, we are ready to provide written discovery responses once the order is entered.

See above.

4.      Your email is the first mention of potentially conducting jurisdictional discovery.  From my perspective, labeling the discovery as "jurisdictional discovery" does not change the need to have a "no-waiver" order entered by Judge Diamond, particularly since Judge Diamond has not ordered that there be jurisdictional discovery.  Moreover, Ms. Sampson did not (to my recollection) request jurisdictional discovery in her response to my clients' Motion to Dismiss for Lack of Personal Jurisdiction.

I am not talking about jurisdictional discovery. I am asking Reeves' counsel whether their willingness to engage in jurisdictional discovery means that they will provide discovery responses on issues that are relevant to both jurisdiction and the merits. I suspect they well know the answer and I further suspect the answer is that they are not, but I feel it is important to ask.

2

5.        It would be helpful to know in advance of conferring what Ms. Sampson's position is or, put another way, what relief she intends to seek from the Court and why as to my client.  Subject to input from the various Philadelphia practitioners, I suggest that the first step (and the most efficient thing to do) would be to reach out to the Court about promptly entering the protective order.  For my clients, at least, entry of the protective order resolves the issue.

We are still considering exactly what relief to seek.

I am generally available to confer on the dates you suggest, and prefer that Ms. Reeves' counsel also be on the call rather have separate calls.  In the meantime, feel free to let me know your thoughts on my comments above.  Thanks.

I think it makes sense to discuss tomorrow afternoon (3 pm eastern time?), notwithstanding David and Hillary's inability to participate.

Regards,

Keith

Best Regards,

**Nicholas Boebel**

Partner

nboebel@hansenreynolds.com

(612) 286-0208 ext.2

---

**From:** Keith Beauchamp <kbeauchamp@cblawyers.com>
**Sent:** Friday, August 21, 2020 4:17 PM
**To:** Nick Boebel <NBoebel@hansenreynolds.com>; mweisberg@weisberglawoffices.com <mweisberg@weisberglawoffices.com>
**Cc:** David Senoff <dsenoff@firstlawstrategy.com>; Gaetan J. Alfano <GJA@pietragallo.com>; 'DER@Pietragallo.com' <DER@pietragallo.com>; Roopali Desai <rdesai@cblawyers.com>; Hillary Weinstein <hweinstein@firstlawstrategy.com>
**Subject:** RE: Sampson v. Hagens Berman Sobol Shapiro, et al.

Hi Nick. My thoughts on this are as follows:

1.        As I said in my August 9, 2020 email, Hagens cannot participate in discovery that might jeopardize its jurisdictional defenses absent entry of an order from the court confirming that such participation does not constitute waiver.

2.        With your cooperation, we have jointly submitted a protective order to the Court that would have Judge Diamond confirm that participation in discovery does not constitute waiver. We are hopeful that the order will be entered promptly, and are happy to join in a letter or call to chambers or some other appropriate measure that might expedite entry of the protective order. (I have not discussed this yet with Gaetan and Doug, but am happy to do so).

3.        My clients are ready, willing and able to immediately begin producing documents as soon as such an order is entered, and that has been the case for several days now. Similarly, we are ready to provide written discovery responses once the order is entered.

4.        Your email is the first mention of potentially conducting jurisdictional discovery. From my perspective, labeling the discovery as "jurisdictional discovery" does not change the need to have a "no-waiver" order entered by Judge Diamond, particularly since Judge Diamond has not ordered that there be jurisdictional discovery. Moreover, Ms. Sampson did not (to my recollection) request jurisdictional discovery in her response to my clients' Motion to Dismiss for Lack of Personal Jurisdiction.

5.        It would be helpful to know in advance of conferring what Ms. Sampson's position is or, put another way, what relief she intends to seek from the Court and why as to my client. Subject to input from the various Philadelphia practitioners, I suggest that the first step (and the most efficient thing to do) would be to reach out to the Court about promptly entering the protective order. For my clients, at least, entry of the protective order resolves the issue.

I am generally available to confer on the dates you suggest, and prefer that Ms. Reeves' counsel also be on the call rather have separate calls. In the meantime, feel free to let me know your thoughts on my comments above. Thanks.

Regards,
Keith

**From:** Nick Boebel <NBoebel@hansenreynolds.com>
**Sent:** Friday, August 21, 2020 1:17 PM
**To:** Christina McNally <cmcnally@firstlawstrategy.com>; mweisberg@weisberglawoffices.com
**Cc:** David Senoff <dsenoff@firstlawstrategy.com>; Gaetan J. Alfano <GJA@pietragallo.com>; Keith Beauchamp <kbeauchamp@cblawyers.com>; 'DER@Pietragallo.com' <DER@pietragallo.com>; Roopali Desai <rdesai@cblawyers.com>
**Subject:** Re: Sampson v. Hagens Berman Sobol Shapiro, et al.

-External Sender-

All,

A few issues:

David and Hillary,

It is apparent that Reeves will not engage, voluntarily or otherwise, in discovery and will instead rely on her personal jurisdiction and rule 12 arguments. That's a legitimate strategic choice and one used by hundreds if not thousands of litigants across the country every year. That said and as I'm sure you realize, Sampson will need to raise these issues

4

with the Court. As your interrogatory responses indicate some willingness to engage in discovery related to personal jurisdiction, Sampson believes that at least Interrogatories 3, 5, and 6 are relevant to both jurisdiction and the underlying merits. We also believe that document requests 12, 14, 27, 28, 29, 30, 36, 37 (both), 45, and 46 have dual relevance. As there may be dual relevance, I want provide the opportunity for a meet and confer to discuss your responses before raising these issues with the Court.

Keith and Roopali,

While your clients withdrew their discovery requests to Sampson (8/9/20 email), Sampson did not withdraw her discovery requests to your clients. A meet and confer to discuss this issue seems like a good idea before raising this issue with the Court.

I am available for a call to discuss these issues—either jointly or individually—later today, Saturday, Sunday, or Monday as these matters need to brought to the Court's attention shortly. Thank you.

Best Regards,

**Nicholas Boebel**

Partner

nboebel@hansenreynolds.com

(612) 286-0208 ext.2

---

**From:** Christina McNally <cmcnally@firstlawstrategy.com>
**Sent:** Thursday, August 20, 2020 10:58 PM
**To:** Nick Boebel <NBoebel@hansenreynolds.com>; mweisberg@weisberglawoffices.com <mweisberg@weisberglawoffices.com>
**Cc:** David Senoff <dsenoff@firstlawstrategy.com>; Gaetan J. Alfano <GJA@pietragallo.com>; Keith Beauchamp <kbeauchamp@cblawyers.com>; 'DER@Pietragallo.com' <DER@pietragallo.com>; Roopali Desai <rdesai@cblawyers.com>
**Subject:** Sampson v. Hagens Berman Sobol Shapiro, et al.

Attached are Defendant, Kay Gunderson Reeves' Responses to Plaintiff's First Set of Requests for Production of Documents.

Christina McNally, Paralegal
First Law Strategy Group, LLC
121 S. Broad Street | Suite 300
Philadelphia, PA 19107
(215) 258-4700
cmcnally@firstlawstrategy.com