IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLYN SAMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>HAGENS BERMAN SOBOL SHAPIRO LLP;<br>KAY GUNDERSON REEVES; STEVE W.<br>BERMAN,<br><br>    Defendants. | Case No.: 2:20-cv-02232-PD<br><br>Related Case: 2:11-cv-05782-PD |

**DECLARATION OF NICHOLAS BOEBEL**

I, Nicholas Boebel, declare as follows:

1. I am an attorney licensed in the states of Minnesota and Washington and admitted to practice *pro hac vice* in the above-captioned case. I am one of the attorneys representing Carolyn Sampson.

2. Plaintiff served requests for production and interrogatories on each defendant on July 20, 2020.

3. Hagens Berman Sobol Shapiro LLP and Steve Berman served written discovery responses and Hagens Berman's first production of documents early August 27 Eastern Time. True and correct copies of the written responses of the

Hagens Berman defendants are attached to this declaration as Exhibits 1-4. The Hagens Berman defendants served a second and third production of documents early August 28 Eastern Time.

4. After reviewing the Hagens Berman defendants' written discovery responses, on August 27 I requested a meet and confer with counsel for the Hagens Berman defendants to take place the afternoon of August 28.

5. I conferred with Keith Beauchamp and Roopali Desai (counsel for the Hagens Berman defendants) by phone on August 28. I noted that untimely objections to written discovery are waived and expressed concern that the discovery responses raised numerous objections based on breadth, burden, relevance, and other similar issues.

6. I also pointed out that the Hagens Berman defendants had not served a privilege log and pointed out one document I had reviewed where the redaction seemed overbroad.

7. Counsel for the Hagens Berman defendants did not agree that untimely objections are waived. They did agree to look into the redaction issue (they served a properly redacted copy later that day) and to serve a privilege log in the near future. They also requested that I identify specific examples of requests where I believed the objections were inappropriate. We all agreed to continue the meet and confer the next day on August 29.

8. On August 29 I sent an email to counsel for the Hagens Berman defendants identifying certain document requests and interrogatories that I believed had particularly inappropriate objections. Several hours after I sent the email, we continued our meet and confer (also joined by counsel for Reeves). We were unable to resolve our disagreement about the waiver of untimely objections.

9. On August 30, counsel for Hagens Berman sent a written response to my August 29 email. A true and correct copy is attached as Exhibit 5. Also on August 30, the Hagens Berman defendants served a privilege log.

10. The parties have fundamentally different views on the meaning of this Court's Order that the Hagens Berman defendants provide "full and complete" responses to Sampson's discovery requests. Doc. 32. The parties also fundamentally disagree on whether and to what extent untimely objections to written discovery are waived. Undersigned counsel certifies that he has attempted in good faith to resolve the disagreement under Local Rule 26.1(f). I declare under penalty of perjury that the forgoing is true and correct.

August 31, 2020  /s/ Nicholas S. Boebel
Nicholas S. Boebel