# *Exhibit 1*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLYN SAMPSON, )<br><br>        Plaintiff, )<br>)<br>v. )<br>)<br>HAGENS BERMAN SOBOL SHAPIRO LLP; )<br>KAY GUNDERSON REEVES; STEVE W. )<br>BERMAN, )<br>)<br>        Defendants. )<br>_____ ) | **DEFENDANT HAGENS BERMAN SOBOL SHAPIRO LLP RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-7)**<br><br>No. 2:20-cv-02232 PD<br><br>Related Case: 2:11-cv-05782 PD |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Hagens

Berman Sobol Shapiro LLP ("Hagens Berman") submits the following Objections and

Responses to Plaintiff Carolyn Sampson's First Set of Interrogatories (Nos. 1-7).

## <u>GENERAL OBJECTIONS</u>

1.      Hagens Berman objects to Ms. Sampson's interrogatories that seek attorney-

client privileged communications between Hagens Berman and any of its clients other than

Ms. Sampson, or attorney work-product that is not related specifically to Ms. Sampson.

Hagens Berman will not provide any such protected information, nor "sufficient

information to permit a full determination of whether the claim [of privilege] is proper," as

that is an unintelligible direction and imposes obligations on Hagens Berman beyond what

is required under Rule 33.

2.      Certain interrogatories seek documents containing personal health

information ("PHI") or other sensitive information (such as social security numbers,

photographs, etc.) relating to other clients or potential clients of Hagens Berman's. Hagens Berman objects to such interrogatories and will not provide such information.

3.      Numerous of these interrogatories seek information about plaintiffs in other thalidomide cases filed by Hagens Berman. Unless specifically noted, Hagens Berman will not provide such information unrelated to Ms. Sampson because such information is not relevant. Moreover, even if such information were relevant, that information would likely implicate the attorney-client privilege and/or involve PHI.

4.      Many of the answers to these interrogatories can be determined by examining, auditing, compiling, abstracting, or summarizing Hagens Berman's business records. When appropriate, Hagens Berman will refer Ms. Sampson to responsive documents produced in this action, as permitted by Rule 33.

5.      In accordance with the agreement of the parties and the order of this Court as memorialized in the Protective Order, Hagens Berman does not waive any of its defenses with respect to personal jurisdiction and/or venue by its participation in this or other discovery.

6.      Hagens Berman objects to Ms. Sampson's interrogatories to the extent they lack any temporal limitation. Specifically, almost none of her interrogatories include any date restriction, and thus implicitly seek all documents from the beginning of time up to the present day. Moreover, certain of her interrogatories seek information as to matters that post-date Hagens Berman's representation of her, making the information sought irrelevant.

7.      Hagens Berman objects to Ms. Sampson's Instructions to the extent they purport to impose obligations broader than or inconsistent with the Federal Rules of Civil Procedure.

8.      Hagens Berman objects to Instruction No. 5, which directs Hagens Berman to identify "each and every responsive document by production number(s)" when documents are produced in lieu of providing a written response to an interrogatory.  That direction imposes obligations beyond what is required in Rule 33 and given the volume of documents produced in this case, would be unduly burdensome and not proportionate to the needs of the case.

9.      Hagens Berman objects to Instruction No. 7, which imposes on Hagens Berman the affirmative obligation to "meet and confer" about any interrogatory to which Hagens Berman objects in whole or in part.  That direction imposes obligations beyond what is required in Rule 33 and would be unduly burdensome and impracticable given the expedited nature of discovery in this action.  Moreover, the purpose of the demanded "meet and confer" is to give Plaintiff "an opportunity to clarify or narrow the interrogatory."  It is Plaintiff's obligation to draft appropriate and clear interrogatories at the outset that are not objectionable, not Hagens Berman's obligation to help Plaintiff narrow those improper interrogatories.

10.     Hagens Berman objection to Definition No. 11, which requires Hagens Berman to "identify" numerous aspects of a document, irrespective of whether that document is privileged.  Such an expansive interpretation of "identify" imposes obligations on Hagens Berman that go beyond what is required under Rule 33.  Not only could the

demanded information be gleaned by reviewing the documents produced in response to that interrogatory, but describing the requested information would obligate Hagens Berman to create what amounts to a privilege log when the document is subject to various protections. Hagens Berman will disregard Definition No. 11 to the extent it imposes obligations beyond what is required by Rule 33.

11.     Hagens Berman objects to Definition No. 12, which requires Hagens Berman to "identify" a person by their last known residence address. Such information is irrelevant.

12.     Hagens Berman objects to Definition No. 13 as being unintelligible. It defines "description" as "a detailed statement of the substance, detail and all information relating to all aspects concerning the subject matter of the interrogatory." It is unclear what the purpose of Definition No. 13 is, and Hagens Berman will disregard it.

13.     Hagens Berman objects to Definition No. 15, which defines "Thalidomide Litigation" to mean "each and all of the cases consolidated as *Johnson v. SmithKline Beecham et al,* Case No. 2:11-cv-05782-PD." That definition is unworkable as to certain interrogatories, as it ignores that several of the underlying thalidomide cases, all initially filed in state court, were pending for an extended period of time before being consolidated. Moreover, the other thalidomide cases are irrelevant to Ms. Sampson's claims asserted in this action.

14.     Hagens Berman responds to Plaintiff's interrogatories subject to the foregoing statements and objections, and each of the foregoing statements and objections is incorporated by reference into each of the following responses. The fact that part or all

of any interrogatory has been answered should not be construed to be a waiver of any objection to such discovery request.

15.    Discovery is not yet concluded in this case.  Therefore, these responses are provided without prejudice to Hagens Berman's right to change or amend the responses made herein.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State with particularity the complete factual and legal basis for any Affirmative Defense and/or Counterclaim asserted by Hagens Berman in any pleading, identify all documents relating to such basis, and identify all person(s) having knowledge or information relating to such basis.

**RESPONSE:**     Hagens Berman objects on the grounds that this interrogatory is vague, ambiguous and calls for information that is protected by the attorney-client privilege and work product doctrine.  Moreover, Hagens Berman has not asserted any Affirmative Defense and/or Counterclaim in any pleading, making it impossible to "identify all documents" or "person(s) having knowledge or information" about such defenses and counterclaims.

### INTERROGATORY NO. 2:

Provide a description of Hagens Berman's systems, policies, and procedures for the maintenance of documents, including ESI and email, and identify 1) the person most knowledgeable about such systems, policies, and procedures and 2) the custodian of records at Hagens Berman.

**RESPONSE**:     Hagens Berman objects on the grounds that this interrogatory seeks information irrelevant to Ms. Sampson's claims.  Moreover, the interrogatory is vague and ambiguous, as it is unclear what "records" Plaintiff refers to.  Furthermore, Hagens Berman does not have a single custodian responsible for all documents, ESI and

email. Subject to and without waiving those objections, Hagens Berman is producing documents in Response to RPF No. 53 directed to Hagens Berman that may contain information responsive to this interrogatory.

**INTERROGATORY NO. 3**:

For each current or former Hagens Berman attorney, paralegal, or other timekeeper, that billed time on the Thalidomide Litigation, identify the following information:

a)      date and place of birth;

b)      current work and home address;

c)      All states, Courts, and/or territories where any current or former Hagens Berman attorney is currently licensed to practice law along with license number.

**RESPONSE**:        Hagens Berman objects to subparts a, b and c of this interrogatory on the grounds that they seek information that is irrelevant to this action and providing such information would be unduly burdensome. "Thalidomide Litigation" is defined by Plaintiff to include every thalidomide case filed by Hagens Berman on behalf of its 52 clients. Many Hagens Berman attorneys and paralegals worked on thalidomide cases that did not involve Plaintiff, and any information about those individuals, much less their date and place of birth, and current home address, is irrelevant to Plaintiff's action. Notwithstanding the foregoing objections and incorporated General Objections, the identities of the Hagens Berman lawyers and paralegals who worked on the

Thalidomide Litigation can be found in documents produced by Hagens Berman in response to Plaintiff's RFP No. 30 served on Hagens Berman.

**INTERROGATORY NO. 4**:

Identify Hagens Berman's revenue, expenses, profits, and net assets on an annual basis from 2009 to the present, including a detailed breakdown of revenue and expenses by line item.

**RESPONSE**:        Hagens Berman objects to this interrogatory on the ground that it constitutes impermissible punitive damages discovery.  Hagens Berman incorporates by reference its arguments with respect to punitive damages set out in its Rule 12(b)(6) Motion to Dismiss.  *See also* Pa. R. P. Civ. 4003.7.  In addition, this request is overbroad, lacks an appropriate temporal limitation and seeks information irrelevant to punitive damages (even assuming such information were discoverable, which it is not).

**INTERROGATORY NO. 5:**

Provide a description of the reasons for and the circumstances surrounding the switch in trial counsel from the Lanier Law Firm to Hagens Berman Sobol Shapiro LLP and specifically identify the following:

a)        all persons with knowledge of the negotiations relating the switch in trial counsel;

b)      all documents (whether or not claimed to be privileged) referring or relating to the negotiations or reasons for the switch in trial counsel;

c)      all proposals, analyses, or other discussions regarding Hagens Berman taking over the role of trial counsel in the Thalidomide Litigation.

**RESPONSE:**        Hagens Berman objects to this interrogatory on the ground that it seeks information not relevant to the claims asserted by Ms. Sampson in this action.  The Lanier Law Firm was never counsel of record for Ms. Sampson so any substitution of counsel (e.g., "switch in trial counsel") did not affect Ms. Sampson because she apparently was never a client of that firm.  Moreover, the alleged misrepresentations upon which Ms. Sampson's claims are based have no relation to the Lanier Law Firm.  Information about the substitution of counsel in cases where the clients were persons other than Ms. Sampson is not only irrelevant to Ms. Sampson's action, but also protected by the attorney-client privilege and the work-product doctrine.  Without waiving the foregoing objections and incorporated General Objections, Hagens Berman notes that it is producing its communications with the Lanier Law Firm relating to the Thalidomide Litigation (to the extent such documents exist), which may supply certain information responsive to this request.  See Hagens Berman's Response to Plaintiff's RFP No. 9 and RFP No. 35 served on Hagens Berman.  .

**INTERROGATORY NO. 6:**

Identify and provide a description of all steps, procedures, and processes used by Hagens Berman to confirm the knowledge and/or understanding of plaintiffs and/or

prospective plaintiffs in the Thalidomide Litigation matched allegations in the

Complaints relating to tolling, avoiding, or getting around the statute of limitations.

**RESPONSE:**        Hagens Berman objects on the grounds that this interrogatory

is vague and ambiguous, seeks information irrelevant to Ms. Sampson's claims, is

overbroad, unduly burdensome and not proportional to the needs of this case.  In

addition, because it seeks information about Hagens Berman clients other than Plaintiff,

Hagens Berman objects because the interrogatory improperly seeks information protected

by the attorney-client privilege and the work product doctrine.


**INTERROGATORY NO. 7:**

Identify all former or current clients of Hagens Berman that have made a written

complaint, demand or threat letter, bar complaint and/or other allegation stating that

Hagens Berman committed malpractice, breached fiduciary duties, or engaged in other

malfeasance. For each such written complaint, demand or threat letter, bar complaint

and/or other allegation, identify the following:

a) the underlying case that gave rise to the allegation;

b) the date of the written complaint, demand or threat letter, bar complaint and/or other allegation;

c) provide a description of the allegation;

d) identify the Hagens Berman attorney at issue;

e) identify the person or entity that made the allegation.

**RESPONSE:**        Hagens Berman objects on the grounds that this interrogatory is irrelevant, overbroad, unduly burdensome and not proportional to the needs of this case as it seeks information about clients other than Plaintiff and litigation unrelated to the Thalidomide Litigation.  In addition, the interrogatory seeks information protected by the attorney-client privilege and the work product doctrine.

**INTERROGATORY NO. 7 (sic):**

Identify any witness that Hagens Berman may call at trial for any purpose and provide a description of the anticipated testimony.

**RESPONSE:**        Hagens Berman objects on the ground that this interrogatory is premature.  Witnesses information will be identified in accordance with the Case Management Order entered by the Court.

DATED this 25th day of August, 2020.

COPPERSMITH BROCKELMAN PLC

By  s/ Keith Beauchamp
     Keith Beauchamp (012434)
     kbeauchamp@cblawyers.com
     Roopali H. Desai (024295)
     rdesai@cblawyers.com
     2800 North Central Avenue, Suite 1900
     Phoenix, AZ  85004
     (602) 381-5490

     Attorneys for Defendants Hagens Berman and
     Steve Berman

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2020, I electronically transmitted the attached document to all counsel of record.

s/ _____

1

2        I declare under penalty of perjury under the laws of the State of Washington that the

3 foregoing is true and correct.

4        DATED this 25th day of August 2020.

5

6

7                     Nick Styant-Browne

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Exhibit 2*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CAROLYN SAMPSON,  ) | **DEFENDANT HAGENS BERMAN** |
| ) | **SOBOL SHAPIRO LLP'S** |
| Plaintiff,  ) | **RESPONSES TO PLAINTIFF'S** |
| ) | **FIRST SET OF REQUESTS FOR** |
| v.  ) | **PRODUCTION OF DOCUMENTS** |
| ) | |
| HAGENS BERMAN SOBOL SHAPIRO LLP;  ) | |
| KAY GUNDERSON REEVES; STEVE W.  ) | No. 2:20-cv-02232 PD |
| BERMAN,  ) | |
| ) | Related Case: 2:11-cv-05782 PD |
| Defendants.  ) | |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Hagens Berman Sobol Shapiro LLP ("Hagens Berman") submits the following Objections and Responses to Plaintiff Carolyn Sampson's First Set of Requests for Production of Documents.

## GENERAL OBJECTIONS

1.      Hagens Berman objects to Ms. Sampson's requests that seek attorney-client privileged communications between Hagens Berman and any of its clients other than Ms. Sampson, or attorney work-product that is not related specifically to Ms. Sampson.  Hagens Berman is not seeking protection of its attorney work product for work done specifically for Ms. Sampson's case.

2.      For documents that contain attorney-client privileged communications with—or attorney work-product relating to—potential clients other than Ms. Sampson but which also contain information relevant to Ms. Sampson's allegations, Hagens Berman will endeavor to produce redacted versions of such documents, taking into account the

relevance (or lack thereof) of such materials, the unduly burdensome nature of Ms. Sampson's requests and whether such information is proportional to the needs of the case.

3.      Certain requests seek documents containing personal health information ("PHI") or other sensitive information (such as social security numbers, photographs, etc.) relating to other clients or potential clients of Hagens Berman's.  Hagens Berman objects to such requests and will not produce such information.

4.      Many of these requests seek documents and information, including internal and external email communications, with or about plaintiffs in other thalidomide cases filed by Hagens Berman.  Unless specifically noted, Hagens Berman will not produce documents responsive to such requests unrelated to Ms. Sampson because such documents are not relevant to Ms. Sampson's claims in this action.  Moreover, even if such materials were relevant, the identification and production of such documents would be unduly burdensome and not proportionate to the needs of the case.  To identify such documents and communications would require a page-by-page review of hundreds of thousands of pages of documents.  Further, most of those communications would likely include attorney-client privileged communications and/or PHI for which redaction would be hugely burdensome, as would the creation of a privilege log.  Conversely, that information is not relevant to the specific representations allegedly made to Ms. Sampson by Defendants, which form the basis of Ms. Sampson's claims in this action.

5.      Many of Ms. Sampson's requests for production seek documents that would require Hagens Berman review all of its files and documents relating to the Thalidomide

Litigation in order to identify documents responsive to the request.  Such requests are unduly burdensome and not proportionate to the needs of the case.

In the Thalidomide Litigation, as defined by Ms. Sampson, Hagens Berman filed a number of different lawsuits against a variety of defendants.  In total, the firm represented 52 individual plaintiffs, each of whom had individualized issues with respect to their claims, medical history and personal circumstances.  Many of the plaintiffs—like Ms. Sampson—had hundreds of privileged email communications with Hagens Berman specific to them.  Those lawsuits, now consolidated, have been pending nearly nine years and have included appeals to the Third Circuit.  Many dozens of depositions were taken.  Voluminous documents were produced by Hagens Berman and by counsel for the Defendants in those cases. There was substantial motion practice on discovery issues and substantive issues.  The consolidated docket had more than 640 entries as of October 4, 2018, when Ms. Sampson entered her *pro se* appearance.

Thus, Ms. Sampson's requests for production seeking broad discovery relating to the Thalidomide Litigation are not only irrelevant (to the extent they are untethered to Ms. Sampson's claims in this action), but also unduly burdensome.  For example, to identify which of the many tens-of-thousands of thalidomide-related emails (most of which are multiple pages and many of which have attachments) are responsive to such requests would generally require a page-by-page review to determine responsiveness.  To undertake that process would be unduly expensive, time consuming and not proportionate to the needs of the case.  That is especially true given the extensive redaction and privilege-log issues that would arise, since such documents generally relate to one of the other 51 individuals

represented by Hagens Berman, not Ms. Sampson, and such documents are not relevant to the narrow misrepresentation and omission claims asserted by Ms. Sampson in this action.

6.      Certain requests seek documents or transcripts that were sealed or filed under seal in the Thalidomide Litigation (which, by Plaintiff's definition, includes the proceedings before Special Discovery Master Hangley).  Hagens Berman objects to such requests and will not produce under-seal documents (nor is it authorized to do so).

7.      The documents and information produced here shall not be used for any other purpose or in any other proceeding.  Many of the documents being produced by Hagens Berman will be stamped "CONFIDENTIAL."   Hagens Berman has sought, and will continue to seek, the entry of Protective Order to provide the confidentiality protection to which such documents are entitled pursuant to Fed. R. Civ. P. and other 26(c) and other applicable authorities.  Such documents shall be returned or destroyed at the conclusion of this proceeding in accordance with the terms of any applicable Protective Order or interim order of the parties.

8.      To the extent that Hagens Berman inadvertently produces any attorney-client privileged information, attorney work-product unrelated to Ms. Sampson's claims, or any PHI or confidential information, such information must be immediately deleted and/or returned once counsel for Ms. Sampson or Hagens Berman become aware of the inadvertent production, in accordance with claw-back agreement of the parties and the applicable ethical rules (whichever is more stringent).

9.      In accordance with the agreement of the parties and the order of this Court, Hagens Berman does not waive any of its defenses with respect to personal jurisdiction and/or venue by its participation in this or other discovery.

10.     Hagens Berman objects to Ms. Sampson's requests to the extent they lack any temporal limitation.  Specifically, almost none of her requests include any date restriction, and thus implicitly seek all documents from the beginning of time up to the present day.  Moreover, certain of her requests seek information as to matters that post-date Hagens Berman's representation of her, making the information sought irrelevant and/or making preparation of a privilege log unduly burdensome.  For example, many of Ms. Sampson's requests—read literally—would require Hagens Berman to prepare a privilege log with respect to all its communications with its counsel representing it in this action and/or representing it in the proceedings before Special Discovery Master Hangley. Generally speaking, Hagens Berman is not preparing a log of such communications and objects to the lack of date restrictions in Ms. Sampson's requests.

11.     Hagens Berman objects to Ms. Sampson's Requests and Instructions to the extent they purport to impose obligations broader than or inconsistent with the Federal Rules of Civil Procedure.

12.     Hagens Berman objects to Instruction No. 2, which directs Hagens Berman to produce a detailed privilege log for all documents withheld from production on the basis of any privilege.  As noted above, creating such a log would be impossible given the volume of documents, expedited nature of discovery, and various privileges at play.

13.     Hagens Berman objects to Instruction No. 4, which imposes on Hagens Berman the affirmative obligation to "take all necessary steps to obtain appropriate and required consents" for documents protected by third-party confidentiality obligations. Hagens Berman will provide notice to third parties where appropriate but it is not obligated to seek to obtain requisite consents.

14.     Hagens Berman objects to Instruction No. 9 for several reasons, but primarily because it is unintelligible.  It purports to extend the document requests to "any litigation to which Hagens Berman is a party, specifically including but without limitation" the *Johnson* Litigation.  But Hagens Berman is not a party to the *Johnson* Litigation, and does not understand the purpose of this Instruction.   Hagens Berman further objects to Instruction No. 9 because it purports to expand the discovery and disclosure obligations for expert witnesses beyond those of Rule 26.

15.     Hagens Berman objects to Definition No. 4, which defines "Hagens Berman" to include "Steve W. Berman personally."  Such a definition ignores the corporate form and impermissibly mixes the obligations of two named defendants in this lawsuit.  It also ignores that Ms. Sampson has directed separate discovery requests to Mr. Berman personally, to which Mr. Berman is providing his own responses.

16.     Hagens Berman objects to Definition No. 12, which defines "Thalidomide Litigation" to mean "each and all of the cases consolidated as *Johnson v. SmithKline Beecham et al,* Case No. 2:11-cv-05782-PD."  That definition is unworkable as to certain requests, as it ignores that several of the thalidomide cases, all initially filed in state court,

were pending for an extended period of time before being consolidated. Moreover, the other thalidomide cases are irrelevant to Ms. Sampson's claims asserted in this action.

17.     A number of documents responsive to Plaintiff's requests for production are entitled to be treated confidentially in accordance with Fed. R. Civ. P. 26(c). The types and categories of such documents include, but are not limited to, personal health information protected by HIPAA; materials previously designated "Confidential" and thus protected by a Protective Order entered in other proceedings; personal financial information (including tax returns); and other confidential and personal information that is of no interest to the general public and which should be protected from disclosure or use apart from this action. Hagens Berman reserves the right to withhold production of such documents until an appropriate Protective Order is entered by the Court in this action.

18.     Hagens Berman responds to Plaintiff's requests for production subject to the foregoing statements and objections, and each of the foregoing statements and objections is incorporated by reference into each of the following responses. The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to such discovery request.

19.     Discovery is ongoing. Therefore, these responses are provided without prejudice to Hagens Berman's right to produce or use any subsequently discovered facts or writings or to add to, modify, supplement or otherwise change or amend the responses made herein.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents and things relating to each statement made in Hagens Berman's Answer and Affirmative Defenses to Sampson's Complaint, whether the documents support the statements or refute them.

**RESPONSE:**     This request is vague, ambiguous, overbroad, unduly burdensome, and fails to comply with Fed. R. Civ. P. 34's direction that each request describe with "reasonable particularity" the document or item sought.  Hagens Berman also objects on the grounds that this request calls for the production of attorney-client privileged communications and the disclosure of its counsel's materials protected by the work product doctrine.

### REQUEST FOR PRODUCTION NO. 2:

All documents and things relating to, reviewed, or relied upon when preparing any written response to any interrogatory, document request, or request for admission served by Sampson.

**RESPONSE**:     This request is vague, ambiguous, overbroad, unduly burdensome, and fails to comply with Fed. R. Civ. P. 34's direction that each request describe with "reasonable particularity" the document or item sought.  Hagens Berman also objects on the grounds that this request calls for the production of attorney-client privileged communications and the disclosure of material protected by the work product doctrine.

**REQUEST FOR PRODUCTION NO. 3**:

All documents and things that Sampson asked Hagens Berman to identify in

Sampson's Interrogatories.

**RESPONSE**:        Hagens Berman objects on the grounds that this request is

vague, ambiguous and calls for the production of attorney-client privileged

communications and the disclosure of material protected by the work product doctrine.

**REQUEST FOR PRODUCTION NO. 4**:

All documents and things reviewed, considered, relied upon, or identified in

drafting Hagens Berman's initial disclosures.

**RESPONSE**:        Hagens Berman objects on the grounds that this request is

vague, ambiguous and calls for the production of attorney-client privileged

communications and the disclosure of material protected by the work product doctrine.

Moreover, Hagens Berman has not served its initial disclosure statement.  Furthermore,

when Hagens Berman's initial disclosure is drafted, it will likely reference or draw upon

thousands of documents, collected and analyzed over years in *Johnson v. SmithKline*

*Beechman et al*, Case No. 2:11-cv-05782-PD.  To comply with this request would require

a review and production of nearly every document in that litigation, which is impossible

and unduly burdensome.

## REQUEST FOR PRODUCTION NO. 5:

All documents and things reviewed, considered, or relied upon, when preparing for any deposition or hearing at any time during This Action.

**RESPONSE:**       Hagens Berman objects on the grounds that this request is vague, ambiguous and unduly burdensome.  In addition, it calls for the production of attorney-client privileged communications and the disclosure of material protected by the work-product doctrine.  The materials "reviewed, considered or relied upon" by the undersigned counsel for Hagens Berman's counsel in future preparation for depositions or hearings in this action constitute the work product of the lawyers at Coppersmith Brockelman and Pietragallo Gordon Alfano Bosick & Raspanti LLP.  Such materials will include privileged attorney-client communications between those firms and Hagens Berman.  Moreover, the volume of materials "considered" would include many thousands of documents.  To comply with this request would be unduly burdensome and not proportionate to the needs of the case, even assuming it did not improperly invade the attorney-client privilege and the work-product doctrine.

## REQUEST FOR PRODUCTION NO. 6:

All documents and things reviewed, considered, or relied upon, when preparing for any deposition or hearing at any time during the Thalidomide Litigation.

**RESPONSE:**       Hagens Berman objects on the grounds that this request is vague, ambiguous, unduly burdensome and seeks irrelevant docuents.  In addition, it calls for the production of attorney-client privileged communications and the disclosure of

material protected by the work-product doctrine.  The materials "reviewed, considered or

relied upon" by Hagens Berman's for the numerous depositions and hearings in the

Thalidomide Litigation constitute the work product of the lawyers at Hagens Berman.

Such materials would also include privileged attorney-client communications between

Hagens Berman and clients other than Ms. Sampson.  The volume of materials

"considered" would constitute many tens of thousands (if not hundreds of thousands) of

documents.  To comply with this request would be unduly burdensome and not

proportionate to the needs of the case, even assuming it did not improperly invade the

attorney-client privilege and the work-product doctrine.  Hagens Berman also

incorporates here its responses and objections found in RFP No. 17 below.


**REQUEST FOR PRODUCTION NO. 7:**

All documents and things reviewed, considered, or relied upon, by any expert or

consultant used by Hagens Berman at any time during This Action.

**RESPONSE:**        Hagens Berman objects to this request because it seeks to

impose disclosure obligations on expert witnesses greater than those imposed by the

Federal Rules of Civil Procedure.


**REQUEST FOR PRODUCTION NO. 8:**

All documents referring or relating to any communications, contracts, agreements,

or other written instrument referring or relating to compensation paid to Diana Cabcabin,

Terrie Bolton, and/or any other current or former plaintiff in the Thalidomide Litigation.

**RESPONSE:**          Hagens Berman objects to this request.  It seeks information irrelevant to Ms. Sampson's claims as well as documents protected by the attorney-client privilege and documents that may contain PHI.  To the extent this request seeks information about any settlement between Hagens Berman and Ms. Cabcabin or Ms. Bolton, Hagens Berman objects that such information may be protected by Rule 408 of the rules of evidence, applicable state statutes, and/or confidentiality agreements of the parties.

**REQUEST FOR PRODUCTION NO. 9:**

All documents referring or relating to any communications, proposals, agreements, or contracts between or among any of Hagens Berman, the Lanier Law Firm, Kay Gunderson Reeves, Peter Gordon, and/or Gordon & Reeves.

**RESPONSE:**          This request is overbroad and unduly burdensome because it seeks "all documents referring or relating to any communications" between the identified law firms and parties.  Many of those communications involve attorney-client privileged information as well as confidential information about Hagens Berman clients not a party to Ms. Sampson's action.  Consistent with the foregoing objections, and its General Objections, Hagens Berman is producing communications to or from Hagens Berman on the one hand and any one of Ms. Reeves, Mr. Gordon, Gordon & Reeves or the Lanier Law Firm on the other to the extent such communications either relate to Ms. Sampson or are general (e.g., not specific to other clients) and relate to issues raised in Ms. Sampson's Complaint (i.e., timing of the litigation, likelihood of success, statute of

limitations research, GSK dismissal, the role of Gordon and Reeves, and the role of

Hagens Berman vis-à-vis other counsel).

Hagens Berman is also producing agreements or contracts relating to the

Thalidomide Litigation, if any, between Hagens Berman on the one hand and any of

Ms. Reeves, Mr. Gordon, Gordon & Reeves or the Lanier Law Firm on the other.


**REQUEST FOR PRODUCTION NO. 10:**

All documents referring or relating to any analysis by Hagens Berman of statute of

limitations issues in the Thalidomide Litigation including without limitation any

comprehensive memoranda on the topic.

**RESPONSE**:        Hagens Berman objects to this request because it seeks

information irrelevant to Ms. Sampson's claims, it is overbroad, vague and ambiguous,

and it is unduly burdensome and not proportionate to the needs of the case.

Subject to and without waiving the foregoing objections and its General

Objections, Hagens Berman is producing memoranda, research and briefing relating

generally to its analysis of the statute of limitations to the extent such material can be

readily identified and is not related to specific individuals (other than Ms. Sampson).

Hagens Berman's production of documents responsive to this request does not constitute

a waiver of any kind relating to the attorney client privilege or work product doctrine

with respect to any other client or plaintiff in the Thalidomide Litigation.

**REQUEST FOR PRODUCTION NO. 11:**

All documents referring or relating to the allegations in any Complaint filed in the Thalidomide Litigation relevant to the statute of limitations.

**RESPONSE:**        This request is overbroad and unduly burdensome, seeks information irrelevant to Ms. Sampson's claims and is not proportional to the needs of the case to the extent it seeks information about the statute of limitations specific to complaints other than Ms. Sampson's.  Information relating to allegations in thalidomide complaints other than Ms. Sampson's are not relevant to her claims.   In addition, the request encompasses privileged information relating to other Hagens Berman clients. Notwithstanding the above, and subject to Hagens Berman's General Objections, information relating generally to the statute of limitations is being produced in response to RFP No. 10 to the extent it exists and can be readily identified.  Information specific to Ms. Sampson, including documents relating to the allegations in her complaint, are being produced in response to the many RFPs that are specific to her.  Further, allegations about the statute of limitations in other complaints, as well as briefing on the statute of limitations in those cases (as well as in the Third Circuit) can be found in publicly filed documents, a number of which are being produced by Hagens Berman to Ms. Sampson in this action.

**REQUEST FOR PRODUCTION NO. 12:**

All documents referring or relating to any effort to confirm that allegations in any Complaint filed in the Thalidomide Litigation matched the knowledge or understanding of the plaintiffs in the Thalidomide Litigation.

**RESPONSE:**        Hagens Berman is producing documents responsive to this request that relate to Ms. Sampson subject to its General Objections, but otherwise objects to this request.   Documents relating to efforts to confirm allegations in thalidomide complaints other than Ms. Sampson's are not relevant to her claims.  Hagens Berman will not produce documents responsive to this request to the extent they are unrelated to Ms. Sampson because such documents are not relevant.  Even if documents relating to other the allegations in other complaints were relevant, the burden of their production would not be proportionate to the needs of the case.  To identify such documents and communications would be extraordinarily burdensome.  Further, any such communications would include attorney-client privileged communications and/or PHI for which redaction and/or creation of a privilege log would be unduly burdensome.


**REQUEST FOR PRODUCTION NO. 13:**

All documents referring or relating to any assertion that Hagens Berman had a way around the statute of limitations in the Thalidomide Litigation.

**RESPONSE:**        Hagens Berman objects and incorporates by reference here its Responses to RFP Nos. 10, 11 and 12 and the explanations there as to the documents it will be producing on this subject.

**REQUEST FOR PRODUCTION NO. 14:**

All documents referring or relating to any analysis by Hagens Berman of exposure and causation issues in the Thalidomide Litigation as part of vetting plaintiffs in the Thalidomide Litigation.

**RESPONSE:**        Hagens Berman objects to this request because it seeks information irrelevant to Ms. Sampson's claims, it is overbroad, vague and ambiguous, and it is unduly burdensome and not proportionate to the needs of the case.  Subject to the foregoing objections and its General Objections, and with no waiver of those objections, Hagens Berman is producing documents responsive to this request that relate to Ms. Sampson.  Hagens Berman will not produce documents relating to its analysis of causation and exposure for plaintiffs other than Ms. Sampson because such documents are not relevant to her claims.  Even if they were relevant, their production would not be proportionate to the needs of the case.  To identify such documents and communications would be extraordinarily burdensome.  Further, any such communications would include attorney-client privileged communications and/or PHI for which redaction and/or creation of a privilege log would be unduly burdensome.  Hagens Berman notes that documents referring generally to exposure and causation issues are among the documents being produced in response to RFP No. 9 and RFP No. 10.


**REQUEST FOR PRODUCTION NO. 15:**

All documents referring or relating to any vetting of Sampson's prospective case in the Thalidomide Litigation.

**RESPONSE:**      This request seeks irrelevant information, as Ms. Sampson does not contend that the allegations in her thalidomide complaint, filed nearly nine years ago, were inaccurate or that she was improperly "vetted."  Moreover, there is substantial evidence that Ms. Sampson reviewed, commented on and approved the allegations in her Complaint.  Nonetheless, subject to Hagens Berman's General Objections, Hagens Berman is producing documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All documents referring or relating to any discussion, decision, strategy, and/or tactics regarding the necessity and/or adequacy of vetting plaintiffs or potential plaintiffs in the Thalidomide Litigation.

**RESPONSE:**      See Response to RFP No. 9 and Response to RFP No. 15. Hagens Berman is producing documents responsive to this request that relate to Ms. Sampson subject to its General Objections, but otherwise objects to this request.  Hagens Berman will not produce documents responsive to this request to the extent they are unrelated to Ms. Sampson because such documents are not relevant, both because (1) Ms. Sampson does not allege that the allegations in her Complaint were inaccurate or that she was inadequately "vetted" and (2) Ms. Sampson does not (and could not) assert claims based on alleged improper vetting of the claims of other potential plaintiffs or plaintiffs. Even if such documents were relevant, production of such documents would be unduly burdensome and not be proportionate to the needs of the case.  To identify such documents and communications would be extraordinarily burdensome.  Further, such

communications would include attorney-client privileged communications and/or PHI for which redaction and/or creation of a privilege log would be unduly burdensome.

**REQUEST FOR PRODUCTION NO. 17:**

All documents referring or relating to any discussions, communications, decisions relating to any strategy and/or tactics that did or were anticipated to apply to the Thalidomide Litigation generally.

**RESPONSE**:         Hagens Berman objects to this request because it seeks information irrelevant to Ms. Sampson's claims, it is overbroad, vague and ambiguous, and it is unduly burdensome and not proportionate to the needs of the case.  It would also invade the attorney-client privilege with respect to other individuals.

The Thalidomide Litigation, as defined by Ms. Sampson, relates to Hagens Berman's representation of 52 individuals in a number of different lawsuits against a variety of defendants.  Those lawsuits, now consolidated, have been pending nearly nine years and have included appeals to the Third Circuit.  Many dozens of depositions were taken and there was substantial motion practice on discovery issues and substantive issues.  The consolidated docket has more than 700 entries.  Each of those 52 plaintiffs has had individualized issues with respect to their claims, medical history and personal circumstances.  Many of the plaintiffs—like Ms. Sampson—have had hundreds of privileged email communications with Hagens Berman specific to them.

To identify which of the many tens of thousands of thalidomide-related emails (most of which are multiple pages and many of which have attachments) are responsive

to this request would require a page-by-page review. To undertake that process would be unduly burdensome and not proportionate to the needs of the case.  Moreover, documents relating to strategy or tactics for other plaintiffs, or on issues not germane to the claims asserted by Ms. Sampson in this action, are irrelevant and in many instances privileged.

Conversely, Ms. Sampson has issued discovery targeted to the issues relevant to her claims in this action and Hagens Berman is generally producing such information. *See, e.g.,* RFP No. 9, RFP No. 29, RFP No. 35 & RFP No. 75 (Gordon & Reeves and Lanier); RFP No. 10 & RFP No. 11 (statute of limitations); RFP No. 32 (press releases and publicity); RFP No. 20, 36 & 38 (GSK settlement) and RFP Nos. 21-28 (the specific communications directed to Sampson by Hagens Berman).

**REQUEST FOR PRODUCTION NO. 18:**

All documents referring or relating to internal communications among Hagens Berman attorneys that refer or relate to the Thalidomide Litigation.

**RESPONSE:**        Hagens Berman objects and incorporates by reference its objections and responses to RFP No. 17.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and things relating to any Affirmative Defense or Declaratory Judgment Counterclaim that Hagens Berman may raise or attempt to raise in its Answer, any Amended Answer, or otherwise.

**RESPONSE:**          Hagens Berman objects on the grounds that this request is vague, ambiguous and calls for the production of attorney-client privileged communications and the disclosure of material protected by the work product doctrine. Moreover, Hagens Berman has not filed an Answer in the litigation containing any Affirmative Defense or Declaratory Judgment Counterclaim, making it impossible to determine "all documents and things" that it relied upon in drafting such nonexistent items.

**REQUEST FOR PRODUCTION NO. 20:**

All documents referring or relating to Hagens Berman's request to plaintiffs in the Thalidomide Litigation that they consent to the dismissal of claims against GlaxoSmithKline, including communications surrounding the conception, drafting, selection of information to include, and sending of any client letter and/or Form Letter dated on or about October 27, 2014.

**RESPONSE:**          Hagens Berman objects to this request on the grounds that it is vague and ambiguous.  Nonetheless, subject to its General Objections, and to the extent such documents exist and can be identified, Hagens Berman will produce documents relating to the conception of, drafting of, and selection of information to include in the letter sent to Ms. Sampson on or about October 27, 2014.  Hagens Berman will also produce documents generally relating to its request that Ms. Sampson consent to the dismissal of claims against GlaxoSmithKline and its communications with her on that subject.

**REQUEST FOR PRODUCTION NO. 21:**

All documents referring or relating to the drafting, conception, and selection of information to include in the Form Letter sent to Thalidomide Litigation plaintiffs on or about March 7, 2012.

**RESPONSE:**        Hagens Berman objects to this request on the grounds that it is vague and ambiguous.  Nonetheless, subject to its General Objections, and to the extent such documents exist and can be identified, Hagens Berman will produce documents relating to the drafting of, conception, and selection of information to include in the letter sent to Ms. Sampson on or about March 7, 2012.

**REQUEST FOR PRODUCTION NO. 22:**

All documents referring or relating to the drafting, conception, and selection of information to include in the Form Letter sent to Thalidomide Litigation plaintiffs on or about September 14, 2012.

**RESPONSE:**        Hagens Berman objects to this request on the grounds that it is vague and ambiguous.  Nonetheless, subject to its General Objections, and to the extent such documents exist and can be identified, Hagens Berman will produce documents relating to the drafting of, conception, and selection of information to include in the letter sent to Ms. Sampson on or about September 14, 2012.

**REQUEST FOR PRODUCTION NO. 23:**

      All documents referring or relating to the drafting, conception, and selection of information to include in the Form Letter sent to Thalidomide Litigation plaintiffs on or about March 6, 2013.

      **RESPONSE:**      Hagens Berman objects to this request on the grounds that it is vague and ambiguous.  Nonetheless, subject to its General Objections, and to the extent such documents exist and can be identified, Hagens Berman will produce documents relating to the drafting of, conception, and selection of information to include in the letter sent to Ms. Sampson on or about March 6, 2013.

**REQUEST FOR PRODUCTION NO. 24:**

All documents referring or relating to the drafting, conception, and selection of information to include in the Form Letter sent to Thalidomide Litigation plaintiffs on or about June 13, 2013.

**RESPONSE:**        Hagens Berman objects to this request on the grounds that it is vague and ambiguous.  Nonetheless, subject to its General Objections, and to the extent such documents exist and can be identified, Hagens Berman will produce documents relating to the drafting of, conception, and selection of information to include in the letter sent to Ms. Sampson on or about June 13, 2013.

**REQUEST FOR PRODUCTION NO. 25:**

All documents referring or relating to the drafting, conception, and selection of information to include in the Form Letter sent to Thalidomide Litigation plaintiffs on or about September 30, 2013.

**RESPONSE**:        Hagens Berman objects to this request on the grounds that it is vague and ambiguous.  Nonetheless, subject to its General Objections, and to the extent such documents exist and can be identified, Hagens Berman will produce documents relating to the drafting of, conception, and selection of information to include in the letter sent to Ms. Sampson on or about September 30, 2013.

**REQUEST FOR PRODUCTION NO. 26:**

All documents referring or relating to the drafting, conception, and selection of information to include in the Form Letter sent to Thalidomide Litigation plaintiffs on or about April 30, 2014.

**RESPONSE:**          Hagens Berman objects to this request on the grounds that it is vague and ambiguous.  Nonetheless, subject to its General Objections, and to the extent such documents exist and can be identified, Hagens Berman will produce documents relating to the drafting of, conception, and selection of information to include in the letter sent to Ms. Sampson on or about April 30, 2014.

**REQUEST FOR PRODUCTION NO. 27:**

All documents referring or relating to the drafting, conception, and selection of information to include in the letter from Steve Berman to Sampson dated February 9, 2016.

**RESPONSE:**          Hagens Berman objects to this request on the grounds that it is vague and ambiguous.  Nonetheless, subject to its General Objections, and to the extent such documents exist and can be identified, Hagens Berman will produce documents relating to the drafting of, conception, and selection of information to include in the letter sent to Ms. Sampson on or about February 9, 2016.

**REQUEST FOR PRODUCTION NO. 28:**

All documents referring or relating to the bases for all assertions of fact and/or opinion in the letter from Steve Berman to Sampson dated February 9, 2016.

**RESPONSE**:        Hagens Berman objects to this request on the grounds that it is vague, overbroad, ambiguous, and unduly burdensome.  *See* Response to RFP No. 27, as well as the many of pages being produced that relate to the topics raised in Ms. Sampson's letter and in in Mr. Berman's response dated February 9, 2016.

**REQUEST FOR PRODUCTION NO. 29:**

All documents referring or relating to any contracts and/or agreements between Hagens Berman and Kay Gunderson Reeves, Peter Gordon, and or Gordon & Reeves referring or relating to:

a.        Splitting fees in the Thalidomide Litigation;

b.        The allocation of responsibility in the Thalidomide Litigation;

c.        Payment from Hagens Berman to Kay Gunderson Reeves from September, 2011 through her withdrawal from the Thalidomide Litigation;

d.        Indemnification of or payment of attorneys' fees by Hagens Berman for Kay Gunderson Reeves in connection with the Special Master's investigation into the Thalidomide Litigation and/or This Matter.

**RESPONSE:**        As set out in its Response to RFP No. 9, which is incorporated herein by reference, Hagens Berman is producing communications to or from Hagens Berman on the one hand and any of Ms. Reeves, Mr. Gordon, Gordon &

Reeves or the Lanier Law Firm on the other to the extent such communications either relate to Ms. Sampson or are general in nature (*i.e,* are not specific to other clients of Hagens Berman's).  Hagens Berman is also producing agreements or contracts relating to the Thalidomide Litigation, if any, between Hagens Berman on the one hand and any of Ms. Reeves, Mr. Gordon, Gordon & Reeves or the Lanier Law Firm on the other. Hagens Berman is also producing documents evidencing payments made, if any, to Ms. Reeves in the period September 2011 through her withdrawal from the Thalidomide Litigation.  Hagens Berman has no documents responsive to Request 29(d).

**REQUEST FOR PRODUCTION NO. 30:**

All records of attorney, paralegal, and/or other timekeeper time entries referring or relating to the Thalidomide Litigation from 2009 through the present.

**RESPONSE:**          Hagens Berman objects and incorporates by reference its objections and responses to RFP No. 17 as well as its General Objections. Notwithstanding the foregoing objections, Hagens Berman is producing billing records evidencing work done on Ms. Sampson's case, subject to redactions on privilege, work-product, confidentiality and relevance grounds with respect to its other clients.

**REQUEST FOR PRODUCTION NO. 31:**

All transcripts of any hearings and exhibits introduced in the Thalidomide Litigation, including without limitation, hearings relating to Special Master Hangley's investigation into issues surrounding the Thalidomide Litigation.

**RESPONSE:**      Hagens Berman objects to this request as overbroad, unduly burdensome, vague and ambiguous.  There were numerous transcripts (including deposition transcripts) in the Thalidomide Litigation that have nothing to do with Ms. Sampson's claims and allegations in this action.  Transcripts are not ordinarily "introduced," so this request for transcripts that were introduced is vague and ambiguous. Similarly, there have been few evidentiary hearings at which exhibits were "introduced," but there were many filings in the litigation that included exhibits.  Notwithstanding the foregoing, Hagens Berman is producing numerous transcripts as well as filings that include exhibits, subject to its General Objections.

To the extent this request seeks transcripts of testimony from the hearings conducted by Special Discovery Master Hangley, or exhibits marked at those hearings, and said transcripts or exhibits have been sealed or designated confidential by the order of Special Discovery Master Hangley, Hagens Berman objects to their production on attorney-client privilege grounds in addition to being constrained from producing them due to the orders of Special Discovery Master Hangley.  Hagens Berman also incorporates by reference here its response to RFP No. 33.

## REQUEST FOR PRODUCTION NO. 32:

All press releases, updates, promotional material, website content, and/or videos relating to the Thalidomide Litigation.

**RESPONSE:**        Subject to its General Objections, which are incorporated by reference, Hagens Berman is producing documents responsive to this request to the extent they exist.

## REQUEST FOR PRODUCTION NO. 33:

All internal Hagens Berman communications referring or relating to Special Master Hangley's investigation into issues surrounding the Thalidomide Litigation.

**RESPONSE:**        This request is overbroad, vague, unduly burdensome, and not proportionate to the needs of the case.  The "investigation" by Special Discovery Master Hangley is irrelevant to the claims at issue in Ms. Sampson's case, which turn on representations allegedly made to her many years before that investigation began. Moreover, the "investigation" by Special Discovery Master Hangley involves privileged information relating to other individuals who have no involvement in Ms. Sampson's lawsuit.  Simply put, that information is irrelevant to Ms. Sampson's claims, although Hagens Berman has no objection to producing any testimony or documents that relate specifically to Ms. Sampson, assuming she has been authorized to see those materials by Special Discovery Master Hangley.

Even assuming Ms. Sampson's request for non-Sampson materials relating to Special Discovery Master Hangley's "investigation" were relevant to her narrow claims,

Request No. 34 is overbroad, unduly burdensome and not proportionate to the needs of the case.  Hagens Berman was forced to retain its own counsel in connection with that investigation approximately four years ago.  Most if not all of the firm's internal communications relating to the Hangley investigation will be protected by the attorney-client privilege and/or the attorney work product doctrine because they will reflect Hagens Berman's communications with its counsel.  Moreover, most if not all of those communications, and certainly all of those communications before Ms. Sampson interceded in the proceedings in April 2018, will also contain information specific to other plaintiffs in the Thalidomide Litigation and will be protected by the attorney-client privilege between those plaintiffs and Hagens Berman, the work-product doctrine and/or will contain confidential information about those individuals.  Searching for these irrelevant documents, redacting information and preparing a privilege log would be unduly burdensome and not proportionate to the needs of the case.

Notwithstanding these objections, Hagens Berman will produce its non-privileged internal communications responsive to the above request that relate specifically to Ms. Sampson.


**REQUEST FOR PRODUCTION NO. 34:**

All documents considered by Abraham Reich relating to the expert report served on participants in Special Master Hangley's investigation into issues surrounding the Thalidomide Litigation.

**RESPONSE:**    Hagens Berman objects to this request.  It seeks irrelevant information involving an expert witness in a different proceeding.  Even if lodged in the Special Master's proceeding, this request would seek irrelevant information because Mr. Reich opined on the propriety of motions to which Ms. Sampson was not a party, and his report did not reference Ms. Sampson.  This request also seeks the production of information protected by the attorney-client privilege and/or the attorney work product doctrine, as well as information beyond that which is required by Rule 26 for expert witnesses (even ignoring that the expert report relates to a different proceeding).  Moreover, the request seeks information irrelevant to the claims at issue in Ms. Sampson's case.  Hagens Berman also incorporates its General Objections as well as its objections and response to RFP No. 33.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications referring or relating to the replacement of the Lanier Law Firm by Hagens Berman as trial counsel in the Thalidomide Litigation, including without limitation financial matters, fee sharing, litigation strategy, and/or anticipated strategy and tactics for resolving the litigation.

**RESPONSE:**    Hagens Berman incorporates and adopts by reference here its General Objections as well as its response to RFP No. 9.

**REQUEST FOR PRODUCTION NO. 36:**

All documents referring or relating to any discussion, communication, decision, strategy, and/or tactics for achieving a global, universal, and/or other settlement that would resolve a substantial portion of the plaintiffs' claims in the Thalidomide Litigation.

**RESPONSE:**        Subject to its General Objections, Hagens Berman is producing documents generally referring or relating to the potential settlement with and/or dismissal of claims against GSK.  For the reasons set out in the General Objections, namely lack of relevance, undue burden, proportionality and privilege, Hagens Berman is not producing its communications with plaintiffs other than Ms. Sampson.  Hagens Berman further objects to this request on the grounds that it is vague, ambiguous and not proportionate to the needs of the case to the extent it is seeking something other than documents relating to the GSK settlement/dismissal issue.  In addition, the request seeks information not relevant to the claims alleged by Ms. Sampson.

**REQUEST FOR PRODUCTION NO. 37:**

All documents referring or relating to any discussion, communication, decision, strategy, and/or tactics relating to an anticipated timeline for settlement or resolution of a substantial portion of the plaintiffs' claims in the Thalidomide Litigation.

**RESPONSE**:        Hagens Berman incorporates and adopts by reference its objections and responses to RFP No. 36, as well as its General Objections.

**REQUEST FOR PRODUCTION NO. 38:**

All communications with GlaxoSmithKline and/or any other pharmaceutical company defendant referring or relating to the settlement of the Thalidomide Litigation.

**RESPONSE:**    Subject to its General Objections, Hagens Berman is producing documents responsive to this request to the extent such documents relate to GlaxoSmithKline.  Hagens Berman objects that this request, to the extent it seeks documents relating to potential settlement communications with defendants other than GSK, as seeking information not relevant to the claims alleged by Ms. Sampson, in addition to being unduly burdensome, vague, ambiguous and not proportionate to the needs of the case.  See also Response to RFP No. 17 and RFP. No. 36.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to show the date, time, and duration of any phone calls between Steve Berman and counsel for any pharmaceutical defendant in the Thalidomide Litigation.

**RESPONSE:**    This request is overbroad, unduly burdensome not proportionate to the needs of the case and seeks irrelevant information.

**REQUEST FOR PRODUCTION NO. 40:**

All internal Hagens Berman communications referring or relating to the Thalidomide litigation from 2009 to the present that is not specific to any particular plaintiff in the Thalidomide Litigation.

**RESPONSE:**        Hagens Berman objects and incorporates by reference its objections and responses to RFP No. 17 as well as its General Objections.

## REQUEST FOR PRODUCTION NO. 41:

All internal Hagens Berman communications referring or relating to Sampson from May 2009 through the present.

**RESPONSE:**        Hagens Berman objects to this request to the extent that it seeks internal communications referring or relating to Ms. Sampson "through the present," which would contemplate communications about Ms. Sampson after the attorney-client relationship was terminated and well after any alleged misrepresentations or misconduct allegedly occurred.  Subject to its General Objections, which are incorporated by reference, Hagens Berman is producing documents responsive to this request up to and including the date of October 4, 2018, when Ms. Sampson began representing herself.  Documents after that date are not relevant, and all or nearly all would be protected by the attorney-client privileged; identifying such documents and creating a privilege log would be unduly burdensome and not proportionate to the needs of the case.

## REQUEST FOR PRODUCTION NO. 42:

Documents sufficient to establish the revenue, expenses, and profit of Hagens Berman on a quarterly basis from 2009 through the present.

**RESPONSE**:        Hagens Berman objects to this request on the grounds that it constitutes impermissible punitive damages discovery.  Hagens Berman incorporates by reference its arguments with respect to punitive damages set out in its Rule 12(b)(6) Motion to Dismiss.  *See also* Pa. R. P. Civ. 4003.7.  In addition, this request is overbroad, lacks an appropriate temporal limitation and seeks information irrelevant to punitive damages (even assuming such information were discoverable, which it is not).


**REQUEST FOR PRODUCTION NO. 43:**

Documents sufficient to describe Hagens Berman's methods of accounting for revenue, costs, expenses, and profit from 2009 through the present.

**RESPONSE:**        Hagens Berman objects to this request on the grounds that it constitutes impermissible punitive damages discovery.  Hagens Berman incorporates by reference its arguments with respect to punitive damages set out in its Rule 12(b)(6) Motion to Dismiss.  *See also* Pa. R. P. Civ. 4003.7.  In addition, this request is overbroad, vague and ambiguous, lacks an appropriate temporal limitation and seeks information irrelevant to punitive damages (even assuming such information were discoverable, which it is not).


**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to identify all assets of Hagens Berman by individual asset or asset category of Hagens Berman on a quarterly basis from 2009 through the present.

**RESPONSE:**        Hagens Berman objects to this request on the grounds that it constitutes impermissible punitive damages discovery.  Hagens Berman incorporates by reference its arguments with respect to punitive damages set out in its Rule 12(b)(6) Motion to Dismiss.  *See also* Pa. R. P. Civ. 4003.7.  In addition, this request is overbroad, vague and ambiguous, lacks an appropriate temporal limitation and seeks information irrelevant to punitive damages (even assuming such information were discoverable, which it is not).

## REQUEST FOR PRODUCTION NO. 45:

Documents sufficient to show the ownership share of Hagens Berman of each individual partner from 2009 through the present.

**RESPONSE:**        Hagens Berman objects to this request on the grounds that it constitutes impermissible punitive damages discovery.  Hagens Berman incorporates by reference its arguments with respect to punitive damages set out in its Rule 12(b)(6) Motion to Dismiss.  *See also* Pa. R. P. Civ. 4003.7.  In addition, this request is overbroad, vague and ambiguous, lacks an appropriate temporal limitation and seeks information irrelevant to punitive damages (even assuming such information were discoverable, which it is not).

## REQUEST FOR PRODUCTION NO. 46:

All documents referring or relating to Tyler Weaver's severance agreement (including its negotiation) with Hagens Berman including any nondisclosure, non-disparagement, or other addendum, exhibit, and/or provision.

**RESPONSE:** Hagens Berman objects to this request as seeking information irrelevant to Ms. Sampson's claims, and also incorporates its General Objections.

**REQUEST FOR PRODUCTION NO. 47:**

All documents referring or relating to Ari Brown's severance agreement (including its negotiation) with Hagens Berman including any non-disclosure, non-disparagement, or other addendum, exhibit, and/or provision.

**RESPONSE:** Hagens Berman objects to this request as seeking information irrelevant to Ms. Sampson's claims, and also incorporates its General Objections.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to show the organizational structure and allocation of responsibilities within Hagens Berman including all individuals with authority for attorney case assignment, case responsibilities, and decisions on annual bonuses.

**RESPONSE:** Subject to its General Objections, which are incorporated by reference, Hagens Berman is producing documents responsive to this request to the extent they exist for the period October 2011 (when its representation began) through October 2018 (when Ms. Sampson began representing herself).

**REQUEST FOR PRODUCTION NO. 49:**

All documents referring and relating to Hagens Berman staffing the Thalidomide Litigation including what attorneys were staffed on the cases, why such attorneys were selected, and the allocation of responsibility among such attorneys.

**RESPONSE:**    This request is overbroad, unduly burdensome and seeks information not relevant to Ms. Sampson's claims. Hagens Berman objects and incorporates by reference its objections and responses to RFP No. 17 as well as its General Objections.  Notwithstanding the foregoing, Hagens Berman is producing documents that reflect which attorneys were staffed on Ms. Sampson's case and their respective responsibilities.

**REQUEST FOR PRODUCTION NO. 50:**

All "comprehensive memoranda" mentioned in the Reich Report or in Steve Berman's testimony referring or relating to statute of limitations issues in the Thalidomide Litigation.

**RESPONSE:**    See Hagens Berman's responses to RFP No. 10 and RFP No. 11 with respect to the production of memoranda relating to the statute of limitations.  In addition, Hagens Berman objects to providing materials relating to the Reich Report, as that report is irrelevant to this action and may, along with work product or otherwise privileged or confidential documents, be protected from disclosure by Fed. R. Civ. P. 26 and/or the rulings of Special Discovery Master Hangley.

## REQUEST FOR PRODUCTION NO. 51:

All documents referring or relating to the decision to forego seeking plaintiffs'
medical records before filing some or all of the cases constituting the Thalidomide
Litigation.

**RESPONSE:**        Hagens Berman is producing documents responsive to this
request that relate to Ms. Sampson subject to its General Objections, but otherwise
objects to this request.  Hagens Berman will not produce documents responsive to this
request to the extent they are unrelated to Ms. Sampson because such documents are not
relevant and, even if they were relevant, their production would not be proportionate to
the needs of the case.  To identify such documents and communications would be
extraordinarily burdensome.  Further, any such communications would likely include
attorney-client privileged communications and/or PHI for which redaction and/or
creation of a privilege log would be unduly burdensome and not proportionate to the
needs of the case.  Hagens Berman also objects to this request as vague and ambiguous.

## REQUEST FOR PRODUCTION NO. 52:

All documents and communications referring or relating to efforts or decision not
to undertake efforts to access and produce posts, communications, or other documents
from Facebook in the Thalidomide Litigation.

**RESPONSE:**        Hagens Berman is producing documents responsive to this
request that relate to Ms. Sampson subject to its General Objections, but otherwise
objects to this request.  Hagens Berman will not produce documents responsive to this

request to the extent they are unrelated to Ms. Sampson because such documents are not

relevant and, even if they were relevant, their production would not be proportionate to

the needs of the case.  To identify such documents and communications would be

extraordinarily burdensome.  Further, any such communications would likely include

attorney-client privileged communications and/or PHI for which redaction and/or

creation of a privilege log would be unduly burdensome.  Hagens Berman also objects to

this request as vague and ambiguous, particularly as to the factual assumption pregnant in

the question.

### REQUEST FOR PRODUCTION NO. 53:

All documents referring or relating to efforts to confirm that allegations in

Sampson's Complaint in the Thalidomide Litigation were applicable to her case.

**RESPONSE:**        Subject to its General Objections, which are incorporated by

reference, Hagens Berman is producing documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 54:

Documents sufficient to show the out-of-pocket expenses incurred by Hagens

Berman for issues related to Special Master Hangley's Investigation from October 2014

to the present, including without limitation Special Master fees, attorney fees, settlements

paid to current or former plaintiffs, forensic consultant fees and expenses, travel, and any

other miscellaneous expenses.

**RESPONSE:**       Hagens Berman objects to this request as seeking information irrelevant to Ms. Sampson's claims, and also incorporates its General Objections and its objections and responses to RFP No. 33.

## REQUEST FOR PRODUCTION NO. 55:

All Hagens Berman document maintenance and destruction policies from 2009 to the present.

**RESPONSE:**       Hagens Berman objects to this request on relevance grounds. Nonetheless, subject to its General Objections, which are incorporated by reference, Hagens Berman is producing documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 56:

Documents sufficient to show the date that Hagens Berman instituted a litigation hold related to Special Master Hangley's investigation into issues related to the Thalidomide Litigation, and/or Sampson's allegations, and/or This Action.

**RESPONSE:**       In addition to its General Objections and its responses and objections to RFP No. 33, which are incorporated here by reference, Hagens Berman objects to producing documents responsive to this request on the grounds of attorney-client privilege and relevance.

**REQUEST FOR PRODUCTION NO. 57:**

All documents referring or relating to the mental state or condition of any plaintiff in the Thalidomide Litigation.

**RESPONSE:**     This request is overbroad, would require the production of PHI for plaintiffs other than Ms. Sampson, would invade the attorney client of other clients, is unduly burdensome, is not proportionate to the needs of the case, and seeks information irrelevant to Ms. Sampson's claims.  Hagens Berman also objects and incorporates by reference its objections and responses to RFP No. 17 as well as its General Objections.  Notwithstanding the foregoing, Hagens Berman is producing documents that refer or relate to Ms. Sampson's mental state or condition, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 58:**

All documents referring or related to the knowledge, belief, and/or opinion of Hagens Berman about the mental state or condition of any plaintiff in the Thalidomide Litigation.

**RESPONSE:**     This request is overbroad, would require the production of PHI for plaintiffs other than Ms. Sampson, is unduly burdensome, would invade the attorney-client privilege of other clients, is not proportionate to the needs of the case, and seeks information irrelevant to the claims at issue in Ms. Sampson's case.  Hagens Berman also objects and incorporates by reference its objections and responses to RFP No. 17 as well as its General Objections.  Notwithstanding the foregoing, Hagens Berman

is producing documents that refer or relate to Ms. Sampson's mental state or condition, to the extent such documents exist.

## REQUEST FOR PRODUCTION NO. 59:

Documents and communications referring or relating to Hagens Berman's knowledge of any effects, including without limitation physical, psychological, financial, and/or other, on plaintiffs in the Thalidomide Litigation from dismissal of their cases.

**RESPONSE:** This request is overbroad, would require the production of PHI for plaintiffs other than Ms. Sampson, is unduly burdensome, would invade the attorney-client privilege of other clients, is not proportionate to the needs of the case, and seeks information irrelevant to the claims at issue in Ms. Sampson's case. Notably, Ms. Sampson is unique in that she sought to have her claim dismissed, changed her mind, and later sought to proceed *pro se*, making this request about the effect of dismissal on others particularly irrelevant to her claims. Hagens Berman also objects and incorporates by reference its objections and responses to RFP No. 17 as well as its General Objections. Notwithstanding the foregoing, Hagens Berman is producing documents that refer or relate to Ms. Sampson's physical, psychological, and/or financial condition, to the extent it possess such documents.

## REQUEST FOR PRODUCTION NO. 60:

All documents and communication referring to "thalidomide plaintiffs," "thalidomide cases," and/or "thalidomide litigation."

**RESPONSE:**        Hagens Berman objects and incorporates by reference its objections and responses to RFP No. 17 as well as its General Objections.


**REQUEST FOR PRODUCTION NO. 61:**

All documents and communication referring or relating to any characterization of "thalidomide plaintiffs" generally, whether favorable or disparaging and whether internal to Hagens Berman, external, and/or public.

**RESPONSE:**        Hagens Berman objects and incorporates by reference its objections and responses to RFP No. 17 as well as its General Objections.


**REQUEST FOR PRODUCTION NO. 62:**

All documents referring or relating to the effect on Hagens Berman or "the firm" regarding Special Master Hangley's investigation into issues surrounding the Thalidomide Litigation.

**RESPONSE:**        Hagens Berman objects to this request as seeking information irrelevant to Ms. Sampson's claims, and as vague and ambiguous as to "the effect on Hagens Berman or  "'the firm.'"  Hagens Berman also incorporates its General Objections and its response and objections to RFP No. 33 (including particularly the explanation of privilege and burden issues found in RFP No. 33).

**REQUEST FOR PRODUCTION NO. 63:**

All documents referring or relating to any discussion, communication, decision, strategy, and/or tactics for handling inquiries from plaintiffs in the Thalidomide Litigation about the status or their case and/or any reason(s) for delay in resolution.

**RESPONSE:**        This request is overbroad, unduly burdensome, not proportionate to the needs of the case, and seeks information irrelevant to Ms. Sampson's claims. The request also seeks confidential attorney-client privileged communications and PHI relating to Hagens Berman clients who are not involved in this litigation. Hagens Berman objects and incorporates by reference its objections and responses to RFP No. 17 as well as its General Objections.

**REQUEST FOR PRODUCTION NO. 64:**

All documents and communication referring or relating to any communication from Hagens Berman to any plaintiff, including without limitation Sampson, in the Thalidomide Litigation asserting a lack of knowledge for any questioned delay in resolution of the Thalidomide Litigation.

**RESPONSE:**        Subject to its General Objections, which are incorporated by reference, Hagens Berman will produce documents responsive to this request to the extent they relate to Ms. Sampson. Hagens Berman will not produce documents and communications responsive to this request to the extent they are unrelated to Ms. Sampson. To identify such documents and communications would be extraordinarily burdensome (and as a practical matter impossible). Moreover, such

documents and communications (even assuming they exist) are not relevant to

Ms. Sampson's claims.  Further, any such communications would likely include attorney-

client privileged communications and/or PHI for which redaction and/or creation of a

privilege log would be unduly burdensome.  Hagens Berman also objects to this request

on the ground that it is vague and ambiguous.


**REQUEST FOR PRODUCTION NO. 65:**

Documents including without limitation notes, emails, memoranda, and/or

agendas, referring or relating to any meeting of the Hagens Berman Executive Committee

at which the Thalidomide Litigation was discussed.

**RESPONSE:**        Subject to its General Objections, which are incorporated by

reference, Hagens Berman will documents responsive to this request to the extent they

exist for the period 2011 through October 2018 (when Ms. Sampson began representing

herself), and to the extent such documents relate to the litigation filed on behalf Ms.

Sampson and others in Philadelphia.  Hagens Berman objects to the overbroad definition

of Thalidomide Litigation and specifically objects to the inclusion in that definition of the

proceedings before Special Discovery Master Hangley for which Hagens Berman was

forced to retain its own counsel.  The firm's internal communications (including any

mention of the Hangley-related proceedings) are irrelevant to Ms. Sampson's claims here

and likely protected by the attorney-client privilege.  Searching for these irrelevant

documents (and preparing a privilege log) would be unduly burdensome and not

proportionate to the needs of the case.  Notwithstanding these objections, Hagens Berman

will produce non-privileged documents (if any) relating to any Executive Committee meeting referencing Ms. Sampson or the claims asserted by her.

**REQUEST FOR PRODUCTION NO. 66:**

All documents referring or relating to the Thalidomide Litigation that incorporate material otherwise subject to the work-product privilege that Special Master Hangley or Judge Diamond has or in the future finds that the work product privilege has been waived.

**RESPONSE:**        Hagens Berman objects that this request seeks information not relevant to Ms. Sampson's claims as well as information protected by the attorney client privilege and/or the work product doctrine.  Hagens Berman also objects to the speculative nature of this request, as it is based on future events that have not occurred. Hagens Berman also incorporates by reference its General Objections and its responses and objections to RFP No. 33.  Hagens Berman also objects on the ground that this request is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 67:**

All documents referring or relating to any overall strategic discussions or decisions relating to the Thalidomide Litigation.

**RESPONSE:**        Hagens Berman objects and incorporates by reference its objections and responses to RFP No. 17 as well as its General Objections.   Hagens

Berman also objects on the ground that this request is vague, ambiguous, seeks irrelevant information, is unduly burdensome and not proportionate to the needs of the case.

## REQUEST FOR PRODUCTION NO. 68:

All documents referring or relating to characterizations, whether favorable, unfavorable, or disparaging of Sampson.

**RESPONSE:**        Subject to its General Objections, which are incorporated by reference, Hagens Berman will produce documents responsive to this request to the extent they exist.

## REQUEST FOR PRODUCTION NO. 69:

Documents and things sufficient to explain all acronyms, abbreviations and short forms of labels used in any document Hagens Berman produces.

**RESPONSE**:        This request is overbroad, unduly burdensome and is impermissibly vague, failing to describe "with reasonable particularity" the documents sought as is required by Fed. R. Civ. P. 34.

## REQUEST FOR PRODUCTION NO. 70:

All documents and things that Hagens Berman may or intends to rely upon in any paper, pleading or brief, at any hearing or at trial in This Action.

**RESPONSE:**        Hagens Berman objects to this request on the grounds that it is overbroad, unduly burdensome, premature, seeks to impose obligations beyond those

found in the Scheduling Order issued by the Court and seeks information protected by the

attorney-client privilege and work product doctrine.  Responsive documents are likely to

be subject to various legal protections, including but not limited to attorney-client

privilege and the work product doctrine.  Hagens Berman also incorporates its General

Objections.

**REQUEST FOR PRODUCTION NO. 71:**

Documents and things sufficient to identify all business entities in which Hagens

Berman maintains an ownership interest and the amount of the ownership interest.

**RESPONSE:**        Hagens Berman objects to this request on the grounds that it

constitutes impermissible punitive damages discovery.  Hagens Berman incorporates by

reference its arguments with respect to punitive damages set out in its Rule 12(b)(6)

Motion to Dismiss.  *See also* Pa. R. P. Civ. 4003.7 ("A party may obtain information

concerning the wealth of a defendant in a claim for punitive damages only upon order of

court setting forth appropriate restrictions as to the time of the discovery, the scope of the

discovery, and the dissemination of the material discovered.").  In addition, this request is

vague and ambiguous and seeks information irrelevant to punitive damages (even

assuming such information were discoverable).

**REQUEST FOR PRODUCTION NO. 72:**

Organizational charts or other documents and things sufficient to identify the

organizational and management structure of Hagens Berman.

**RESPONSE:**        Hagens Berman objects that this request is vague, ambiguous, overbroad and seeks irrelevant information.

## REQUEST FOR PRODUCTION NO. 73:

Documents sufficient to identify all systems, processes, and procedures for the maintenance and storage of documents.

**RESPONSE:**        Hagens Berman objects that this request is vague, ambiguous, overbroad, unduly burdensome and seeks irrelevant information.

## REQUEST FOR PRODUCTION NO. 74:

All documents referring or relating to communications between Hagens Berman and Firmani Associates and/or Mark Firmani referring or relating to the Thalidomide Litigation.

**RESPONSE**:        Subject to its General Objections, Hagens Berman is producing documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 75:

All documents referring or relating to communications with Peter Gordon, Elliott Karathanasis, and/or Kay Gunderson Reeves about the Thalidomide Litigation.

**RESPONSE:**        This request is overbroad and unduly burdensome to the extent that is seeks "all documents referring or relating to communications" between the identified individuals and Hagens Berman.  Many of those communications involve

attorney-client privileged information as well as confidential information about Hagens

Berman clients not party to Ms. Sampson's action.  Consistent with the foregoing

objections, and its General Objections, Hagens Berman is producing communications to

or from Hagens Berman on the one hand and any one of Peter Gordon, Elliott

Karathanasis, and/or Kay Gunderson Reeves on the other to the extent such

communications either relate to Ms. Sampson or are general in nature.  To the extent

those communications involve Hagens Berman clients other than Ms. Sampson they will

not be produced.


**REQUEST FOR PRODUCTION NO. 76:**

All internal communications mentioning Special Master Hangley or Judge

Diamond.

**RESPONSE:**        Hagens Berman objects to this request as seeking information

irrelevant to Ms. Sampson's claims, as vague and ambiguous and not proportionate to the

needs of the case.  Hagens Berman also incorporates by reference its General Objections

and its response and objections to RFP No. 33.


**REQUEST FOR PRODUCTION NO. 77:**

All communications between counsel for Diana Cabcabin and Hagens Berman.

**RESPONSE:**        Hagens Berman objects to this request.  It seeks information

irrelevant to Ms. Sampson's claims as well as documents protected by the attorney-client

privilege and documents likely containing PHI.  In addition, it is unduly burdensome and

not proportionate to the needs of the case.  To the extent this request seeks information about any settlement between Hagens Berman and Ms. Cabcabin, Hagens Berman objects on Rule 408 grounds and also because the terms of any such settlement are confidential by agreement of the parties and/or by operation of law.

**REQUEST FOR PRODUCTION NO. 78:**

All communications between counsel for Terrie Bolton and Hagens Berman.

**RESPONSE:**        Hagens Berman objects to this request.  It seeks information irrelevant to Ms. Sampson's claims as well as documents protected by the attorney-client privilege and documents likely containing PHI.  In addition, it is unduly burdensome and not proportionate to the needs of the case.  To the extent this request seeks information about any settlement between Hagens Berman and Ms. Bolton, Hagens Berman objects on Rule 408 grounds and also because the terms of any such settlement are confidential by agreement of the parties and/or by operation of law.

**REQUEST FOR PRODUCTION NO. 79:**

All communications between counsel for Mary Sells and Hagens Berman.

**RESPONSE:**        Hagens Berman objects to this request.  It seeks information irrelevant to Ms. Sampson's claims as well as documents protected by the attorney-client privilege and documents likely containing PHI.  In addition, it is unduly burdensome and not proportionate to the needs of the case.  To the extent this request seeks information about any settlement between Hagens Berman and Ms. Bolton, Hagens Berman objects

on Rule 408 grounds and also because the terms of any such settlement may be confidential by agreement of the parties and/or by operation of law.

## REQUEST FOR PRODUCTION NO. 80:

All documents referring or relating to any insurance policy or insurance coverage for payment of attorneys' fees, litigation costs or expenses, and/or any judgment in connection with This Action.

**RESPONSE:**     Hagens Berman is producing its insurance policy information to the extent required by Rule 26 of the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION NO. 81:

All documents received from Peter Gordon.

**RESPONSE:**     Hagens Berman incorporates and adopts by reference here its General Objections as well as its responses to RFP No. 9, No. 29, No. 35 and No. 75.

## REQUEST FOR PRODUCTION NO. 82:

All communications with Scott Gottlieb referring or relating to any concerns about the viability or potential for success of the Thalidomide Litigation.

**RESPONSE:**     Subject to its General Objections, which are incorporated by reference, Hagens Berman will documents responsive to this request to the extent they exist and the burden of producing them is not disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 83:**

All communications with Trent Stephens referring or relating to any concerns about the viability or potential for success of the Thalidomide Litigation. For purposes of this Request for Production, communications do NOT include any analysis, examination, or expert report involving a specific individual plaintiff in the Thalidomide Litigation unless otherwise responsive to a different Request for Production.

**RESPONSE:**          Communications with Trent Stephens referring or relating to Ms. Sampson are being produced, subject to Hagens Berman's General Objections. Communications with Trent Stephens unrelated to Ms. Sampson are not relevant to this action, and production of such information would be unduly burdensome and not proportionate to the needs of this case.  Further, such documents likely contain PHI and other confidential information of other plaintiffs.

**REQUEST FOR PRODUCTION NO. 84:**

All communications with any potential consulting or testifying expert referring or relating to any concerns about the viability or potential for success of the Thalidomide Litigation.

**RESPONSE:**          Hagens Berman objects to this request on the ground that it seeks information irrelevant to Ms. Sampson's claims.  In addition, the request is vague and ambiguous, and compliance with it would be unduly burdensome and not proportionate to the needs of the case.  Hagens Berman also incorporates here its response to RFP No. 17 and its General Objections.

**REQUEST FOR PRODUCTION NO. 85**:

All documents provided to Special Master Hangley by Hagens Berman.

**RESPONSE:**        Hagens Berman objects to the request on the ground that it seeks information irrelevant to Ms. Sampson's claims and seeks information protected by the attorney-client privilege and the work product doctrine.   Hagens Berman also incorporates by reference its response to RFP No. 33 and its General Objections.

DATED this 26th day of August, 2020.

COPPERSMITH BROCKELMAN PLC

By  s/ *Keith Beauchamp*
       Keith Beauchamp (*Pro Hac Vice*)
       kbeauchamp@cblawyers.com
       Roopali H. Desai (*Pro Hac Vice*)
       rdesai@cblawyers.com
       2800 North Central Avenue, Suite 1900
       Phoenix, AZ  85004
       Telephone: (602) 381-5490

PIETRAGALLO GORDON ALFANO BOSICK &
RASPANTI LLP

Gaetan J. Alfano
Pennsylvania Bar No. 32971
GJA@pietragallo.com
Douglas E. Roberts
Pennsylvania Bar No. 321950
DER@pietragallo.com
1818 Market Street, Suite 3402
Philadelphia, PA 19102
Telephone: (215) 320-6200
Facsimile: (215) 981-0082

*Attorneys for Defendants Hagens Berman and Steve Berman*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2020, I electronically transmitted the attached document to all counsel of record.

COPPERSMITH BROCKELMAN PLC

By _s/ Keith Beauchamp_
    Keith Beauchamp (*Pro Hac Vice*)
    kbeauchamp@cblawyers.com
    Roopali H. Desai (*Pro Hac Vice*)
    rdesai@cblawyers.com
    2800 North Central Avenue, Suite 1900
    Phoenix, AZ  85004
    Telephone:  (602) 381-5490

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI LLP

Gaetan J. Alfano
Pennsylvania Bar No. 32971
GJA@pietragallo.com
Douglas E. Roberts
Pennsylvania Bar No. 321950
DER@pietragallo.com
1818 Market Street, Suite 3402
Philadelphia, PA 19102
Telephone: (215) 320-6200
Facsimile: (215) 981-0082

*Attorneys for Defendants Hagens Berman and Steve Berman*

*Exhibit 3*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CAROLYN SAMPSON, | ) |
|           Plaintiff, | )   **DEFENDANT STEVE** |
| | )   **BERMAN'S RESPONSES TO** |
| v. | )   **PLAINTIFF'S FIRST SET OF** |
| | )   **REQUESTS FOR PRODUCTION** |
| HAGENS BERMAN SOBOL SHAPIRO | )   **OF DOCUMENTS AND THINGS** |
| LLP; KAY GUNDERSON REEVES; | )   **(NOS. 1-39)** |
| STEVE W. BERMAN, | ) |
| | )   No. 2:20-cv-02232 PD |
|           Defendants. | ) |
| | )   Related Case: 2:11-cv-05782 PD |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Steve W. Berman ("Mr. Berman") submits the following Objections and Responses to Plaintiff Carolyn Sampson's Request for Production of Documents and Things (Nos. 1-39).

## GENERAL OBJECTIONS

1.    Mr. Berman objects to Ms. Sampson's requests that seek attorney-client privileged communications between Hagens Berman and any of its clients other than Ms. Sampson, or attorney work-product that is not related specifically to Ms. Sampson. Mr. Berman will not be producing such documents or producing a log identifying such documents, because (i) those documents are not relevant to any party's claims or defenses (ii) preparing a log would be impossible given the volume of documents and would be disproportionate to the needs of the case, and unduly burdensome, and (iii) a log of those communications would not provide information relevant to this proceeding.

2.    For documents that contain attorney-client privileged communications with—or attorney work-product relating to—potential clients other than Ms. Sampson but

which also contain information relevant to Ms. Sampson's allegations, Hagens Berman will endeavor to produce redacted versions of such documents where feasible, taking into account the relevance (or lack thereof) of such materials, the unduly burdensome nature of Ms. Sampson's requests and whether such information is proportional to the needs of the case.

3.      Certain requests seek documents containing personal health information ("PHI") or other sensitive information (such as social security numbers, photographs, etc.) relating to other clients or potential clients of Hagens Berman's.  Mr. Berman objects to such requests and will not produce such information.

4.      Numerous of these requests seek documents and information, including internal and external email communications, with or about plaintiffs in other thalidomide cases filed by Mr. Berman.  Unless specifically noted, Mr. Berman will not produce documents responsive to such requests unrelated to Ms. Sampson because such documents are not relevant.  Moreover, even if such materials were relevant, the identification and production of such documents would be unduly burdensome and not proportionate to the needs of the case.  To identify such documents and communications would require a page-by-page review of hundreds of thousands of pages of documents.  Further, most of those communications would likely include attorney-client privileged communications and/or PHI for which redaction would be hugely burdensome, not to mention creation of a privilege log.  Conversely, that information is not relevant to the specific representations allegedly made to Ms. Sampson by Defendants, which form the basis of Ms. Sampson's claims in this action.

5.     Certain requests seek documents or transcripts that were sealed or filed under seal in the Thalidomide Litigation (which, by Plaintiff's definition, includes the proceedings before Special Discovery Master Hangley).  Mr. Berman objects to such requests and will not produce under-seal documents.

6.     The documents and information produced here shall not be used for any other purpose or in any other proceeding.  Certain documents produced by Mr. Berman may be stamped "CONFIDENTIAL" in accordance with a Protective Order entered in this matter. Such documents shall be returned or destroyed at the conclusion of this proceeding in accordance with the terms of the Protective Order.

7.     To the extent that Mr. Berman inadvertently produces any attorney-client privileged information, attorney work-product unrelated to Ms. Sampson's claims, or any PHI or confidential information, such information must be immediately deleted and/or returned once counsel for Ms. Sampson or Mr. Berman become aware of the inadvertent production, in accordance with the Protective Order and the applicable ethical rules (whichever is more stringent).

8.     In accordance with the agreement of the parties and the order of this Court, Mr. Berman does not waive any of his defenses with respect to personal jurisdiction and/or venue by its participation in this or other discovery.

9.     Mr. Berman objects to Ms. Sampson's requests to the extent they lack any temporal limitation.  Specifically, almost none of her requests include any date restriction, and thus implicitly seek all documents from the beginning of time up to the present day. Moreover, certain of her requests seek information as to matters that post-date Hagens

Berman's representation of her, making the information sought irrelevant and/or making preparation of a privilege log unduly burdensome.  For example, many of Ms. Sampson's requests—read literally—would require Mr. Berman to prepare a privilege log with respect to all communications with his counsel representing him in this action and/or representing it in the proceedings before Special Discovery Master Hangley.  Generally speaking, Mr. Berman is not preparing a log of such communications and objects to the lack of date restrictions in Ms. Sampson's requests.

10.     Mr. Berman objects to Ms. Sampson's requests and instructions to the extent they purport to impose obligations broader than or inconsistent with the Federal Rules of Civil Procedure.

11.     Mr. Berman objects to Instruction No. 2, which directs him to produce a detailed privilege log for all documents withheld from production on the basis of any privilege.  As noted above, creating such a log would be impossible given the volume of documents, expedited nature of discovery, and various privileges at play.

12.     Mr. Berman objects to Instruction No. 4, which imposes on him the affirmative obligation to "take all necessary steps to obtain appropriate and required consents" for documents protected by third-party confidentiality obligations.  Mr. Berman will provide notice to third-parties where appropriate but it is not obligated to seek to obtain requisite consents.

13.     Mr. Berman objects to Instruction No. 9 for several reasons, but primarily because it is unintelligible.  It purports to extend the document requests to any litigation to which Mr. Berman is a party, specifically including but without limitation the *Johnson*

Litigation.  But Mr. Berman is not a party to the *Johnson* Litigation, and does not understand the purpose of this Instruction.  Mr. Berman further objects to Instruction No. 9 because it purports to expand the discovery and disclosure obligations for expert witnesses beyond those of Rule 26.

14.    Mr. Berman objects to Definition No. 12, which defines "Thalidomide Litigation" to mean "each and all of the cases consolidated as *Johnson v. SmithKline Beecham et al,* Case No. 2:11-cv-05782-PD."  That definition is unworkable as to certain requests, as it ignores that several of the underlying thalidomide cases, all initially filed in state court, were pending for an extended period of time before being consolidated. Moreover, the other thalidomide cases are irrelevant to Ms. Sampson's claims asserted in this action.

15.    Mr. Berman responds to Plaintiff's requests for production subject to the foregoing statements and objections. Each of the foregoing statements and objections is incorporated by reference into each of the following responses.  The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to such discovery request.

16.    Discovery is ongoing.  Therefore, these responses are provided without prejudice to Mr. Berman's right to modify, supplement or amend the responses made herein.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents and things relating to each statement made in Berman's Answer and Affirmative Defenses to Sampson's Complaint, whether the documents support the statements or refute them.

**RESPONSE:**        Mr. Berman objects on the grounds that this request is vague, ambiguous and calls for the production of attorney-client privileged communications and the disclosure of material protected by the work product doctrine.  Moreover, Mr. Berman has not filed an Answer in the litigation, making it impossible to determine "all documents and things" that were relied upon in drafting his Answer.

### REQUEST FOR PRODUCTION NO. 2:

All documents and things relating to, reviewed, or relied upon when preparing any written response to any interrogatory, document request, or request for admission served by Sampson.

**RESPONSE**:        This request is vague, ambiguous, overbroad, unduly burdensome.  Mr. Berman also objects on the grounds that this request calls for the production of attorney-client privileged communications and the disclosure of material protected by the work-product doctrine.

**<u>REQUEST FOR PRODUCTION NO. 3</u>**:

All documents and things that Sampson asked Berman to identify in Sampson's Interrogatories.

**<u>RESPONSE</u>**:        Mr. Berman objects on the grounds that this request is vague, ambiguous and to the extent it calls for the production of attorney-client privileged communications or the disclosure of material protected by the work product doctrine.

**<u>REQUEST FOR PRODUCTION NO. 4</u>**:

All documents and things reviewed, considered, relied upon, or identified in drafting Berman's initial disclosures.

**<u>RESPONSE</u>**:        Hagens Berman objects on the grounds that this request is vague, ambiguous, seeks irrelevant information, is unduly burdensome and calls for the production of attorney-client privileged communications and the disclosure of material protected by the work product doctrine.  When Mr. Berman's initial disclosure is drafted, his counsel in this action may review, consider or rely upon a broad range of thousands of documents and emails relating to the underlying thalidomide litigation as well as materials collected or organized by his counsel, thereby reflecting the mental impressions of his counsel.

**<u>REQUEST FOR PRODUCTION NO. 5</u>**:

All documents and things reviewed, considered, or relied upon, when preparing for any deposition or hearing at any time during This Action.

**RESPONSE:**　　　　Mr. Berman objects on the grounds that this request is vague, ambiguous, seeks irrelevant information, is unduly burdensome and calls for the production of attorney-client privileged communications and the disclosure of material protected by the work product doctrine.  Moreover, when Mr. Berman's counsel prepares for a deposition or hearing in this action that preparation is likely to involve, explicitly or implicitly, consideration of, and/or reliance upon if not thousands of documents.  To comply with this request, which is impossible and unduly burdensome in addition to invading the attorney-client privilege and the attorney work product doctrine as applied to Mr. Berman's counsel.

**REQUEST FOR PRODUCTION NO. 6:**

　　　　[no request promulgated]

**REQUEST FOR PRODUCTION NO. 7:**

　　　　All documents and things reviewed, considered, or relied upon, by any expert or consultant used by Berman at any time during This Action.

**RESPONSE:**　　　　Mr. Berman objects to this request because it seeks to impose disclosure obligations on expert witnesses greater than those imposed by the Federal Rules of Civil Procedure.  In addition, it may invade the attorney work-product doctrine as applicable to Mr. Berman's counsel in this action.  Further, the request is vague, ambiguous and seeks irrelevant information.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify all email accounts used by Berman since 2009.

**RESPONSE:**   This request is overbroad and seeks irrelevant information. Without waiving that objection, documents sufficient to identify the email accounts used by Mr. Berman for business purposes—including specifically email sent or received in connection with issues raised by Ms. Sampson's Complaint—can identified by reviewing the documents produced by Hagens Berman in this action.

**REQUEST FOR PRODUCTION NO. 9:**

All documents referring or relating to the Thalidomide Litigation.

**RESPONSE:**   This request is overbroad, burdensome, and not proportionate to the needs of the case, and also invades the attorney-client privilege and work-product doctrine, as explained in Hagens Berman's Response to RFP No. 17 and in the General Objections made by Hagens Berman, which are incorporated here by reference.  Apart from emails and other documents within the custody and control of Hagens Berman, the only additional documents in Mr. Berman's possession referring to the Thalidomide Litigation (as broadly defined) would be books relating to thalidomide, including Dark Remedy by Rock Brynner and Trent Stephens.

**REQUEST FOR PRODUCTION NO. 10:**

All communications referring or relating to the Thalidomide Litigation.

**RESPONSE**:        This request is overbroad, burdensome, and not proportionate to the needs of the case, and also invades the attorney-client privilege and work-product doctrine, as explained in Hagens Berman's Response to RFP No. 17 and in the General Objections made by Hagens Berman, which are incorporated here by reference.  In any event, apart from documents within the custody and control of Hagens Berman, Mr. Berman does not possess communications relating to the Thalidomide Litigation.

**REQUEST FOR PRODUCTION NO. 11:**

All communications referring or relating to Special Master Hangley's investigation into issues surrounding the Thalidomide Litigation.

**RESPONSE:**        This request is overbroad, seeks information irrelevant to Ms. Sampson's claims, burdensome, and not proportionate to the needs of the case.  It also invades the attorney-client privilege and work-product doctrine, as explained in Hagens Berman's Response to RFP No. 33 and in the General Objections made by Hagens Berman, which are incorporated here by reference.   In any event, apart from documents within the custody and control of Hagens Berman, Mr. Berman does not possess additional documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:**

All communications with individuals other than attorneys at Hagens Berman Sobol Shapiro LLP referring or relating to the Thalidomide Litigation including without

limitation Special Master Hangley's investigation into issues surrounding the

Thalidomide Litigation.

  **RESPONSE:**  This request is overbroad, burdensome, and not proportionate

to the needs of the case, and also invades the attorney-client privilege and work-product

doctrine, as explained in Hagens Berman's Responses to RFP No. 17 and RFP No. 33

and in the General Objections made by Hagens Berman, which are incorporated here by

reference.   In any event, apart from documents within the custody and control of Hagens

Berman, Mr. Berman does not possess additional documents responsive to this request.


**REQUEST FOR PRODUCTION NO. 13:**

  All documents and things relating to any Affirmative Defense or Declaratory

Judgment Counterclaim that Berman may raise or attempt to raise in his Answer, any

Amended Answer, or otherwise.

  **RESPONSE:**  Mr. Berman objects on the grounds that this request is vague,

ambiguous, seeks irrelevant information, is unduly burdensome and calls for the

production of attorney-client privileged communications and the disclosure of material

protected by the work product doctrine.  Moreover, when Mr. Berman and his counsel in

this action his prepare and consider his affirmative defenses, that preparation is likely to

involve, explicitly or implicitly, consideration of, and/or reliance upon if not thousands of

documents.  To comply with this request would be unduly burdensome in addition to

invading the attorney-client privilege and the attorney work product doctrine as applied to

Mr. Berman's counsel.  Moreover, Mr. Berman has not filed an Answer in the litigation,

making it impossible to determine "all documents and things" that he relied upon in drafting any affirmative defenses.

## REQUEST FOR PRODUCTION NO. 14:

All documents and communications referring or relating to the replacement of the Lanier Law Firm by Hagens Berman as trial counsel in the Thalidomide Litigation.

**RESPONSE:**    Mr. Berman objects to this request on grounds of relevance and undue burden and incorporates by reference Hagens Berman's Response to RFP No. 35 and RFP No. 9 directed to Hagens Berman.  Moreover, any documents and communications responsive to this request would be within the custody and control of Hagens Berman; Mr. Berman does not possess documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 15:

All communications with GlaxoSmithKline and/or any pharmaceutical company defendant in the Thalidomide Litigation referring or relating to the settlement of the Thalidomide Litigation.

**RESPONSE:**    Mr. Berman objects to this request on grounds of relevance and undue burden and incorporates by reference Hagens Berman's Response to RFP No. 38 directed to Hagens Berman.  Moreover, any documents and communications responsive to this request would be within the custody and control of Hagens Berman; Mr. Berman does not possess documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show the date, time, and duration of any phone calls between Berman and counsel for any pharmaceutical defendant in the Thalidomide Litigation.

**RESPONSE:**        Mr. Berman objects to this request on grounds of relevance, undue burden and that it is not proportionate to the needs of the case.  Moreover, any documents and communications responsive to this request would be within the custody and control of Hagens Berman, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to identify all assets of Berman by individual asset or asset category on an annual basis from 2009 through the present.

**RESPONSE**:        Mr. Berman objects to this request on the grounds that it seeks irrelevant information, constitutes impermissible punitive damages discovery and, in addition, is overbroad as to time and scope even assuming discovery on punitive damages were permissible.  Mr. Berman also incorporates by reference the arguments made with respect to punitive damages set out in his Rule 12(b)(6) Motion to Dismiss.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show Berman's individual ownership share of any company, LLC, real estate, stock portfolio, cryptocurrency, or other asset class where Berman's ownership is less than 100% from 2009 through the present.

**RESPONSE:**      Mr. Berman objects to this request on the grounds that it seeks irrelevant information, constitutes impermissible punitive damages discovery and, in addition, is overbroad as to time and scope even assuming discovery on punitive damages were permissible.  Mr. Berman incorporates by reference the arguments made with respect to punitive damages set out in his Rule 12(b)(6) Motion to Dismiss.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show Berman's income, assets, and liabilities on annual basis from 2009 through the present.

**RESPONSE:**      Mr. Berman objects to this request on the grounds that it seeks irrelevant information, constitutes impermissible punitive damages discovery and is overbroad as to time and scope even assuming discovery on punitive damages were permissible.  Mr. Berman also incorporates by reference the arguments made with respect to punitive damages set out in his Rule 12(b)(6) Motion to Dismiss.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to identify all mobile phone numbers, instant messaging IDs (including without limitation Slack, Signal, WhatsApp, Facebook Messenger, Twitter DMs, etc.) used by Berman from 2009 through the present.

**RESPONSE:**    This request is overbroad and seeks information irrelevant to the claims at issue in Ms. Sampson's case.

**REQUEST FOR PRODUCTION NO. 21:**

All posts to web sites, messaging boards, discussion forums referring or relating to the Thalidomide Litigation and documents sufficient to establish that such posts were made by Berman.

**RESPONSE:**    This request is overbroad and seeks information irrelevant to the claims at issue in Ms. Sampson's case.  In any event, Mr. Berman does not believe he possesses documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All documents referring or relating to any agreement, contract, and/or meeting of the minds about Berman's personal liability for incurred costs, expenses, judgments, settlements, and monetary sanctions relating to This Action and/or the Thalidomide Litigation.

**RESPONSE:**    This request is overbroad, ambiguous, seeks information irrelevant to the claims at issue in Ms. Sampson's case and invades the attorney-client

privilege and the attorney work product doctrine.  Mr. Berman notes that Hagens Berman

is producing the firm's insurance contract in accordance with Rule 26 of the Federal

Rules of Civil Procedure.  Beyond that, Mr. Berman does not possess documents

responsive to this request.


**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show the out-of-pocket costs incurred by Berman for

issues related to Special Master Hangley's Investigation from October 2014 to the

present, including without limitation Special Master fees, attorney fees, settlements paid

to current or former plaintiffs, forensic consultant fees and expenses, travel, and any other

miscellaneous expenses.

**RESPONSE:**        Mr. Berman objects to this request on grounds of relevance

and undue burden and incorporates by reference Hagens Berman's Response to RFP

No. 38 and Hagens Berman's General Objections, which are incorporated by reference.

Moreover, any documents and communications responsive to this request would be

within the custody and control of Hagens Berman.  Mr. Berman does not possess

documents responsive to this request.


**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to show the date that Berman instituted a litigation hold

related to Special Master Hangley's investigation, and/or Sampson's allegations, and/or

This Action.

**RESPONSE:**          Mr. Berman objects to this request on grounds of relevance and undue burden and incorporates by reference Hagens Berman's Response to RFP No. 38 and RFP No. 56 directed to Hagens Berman.  Moreover, any documents responsive to this request would be within the custody and control of Hagens Berman.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications referring or relating to any characterization of "thalidomide plaintiffs" generally, whether favorable or disparaging and whether written by or received by Berman.

**RESPONSE**:          Mr. Berman objects to this request on grounds of relevance and attorney-client privilege and incorporates by reference Hagens Berman's Response to RFP No. 61 and its General Objections, which are incorporated here by Reference. Moreover, any documents and communications responsive to this request would be within the custody and control of Hagens Berman.

**REQUEST FOR PRODUCTION NO. 26:**

All documents referring or relating to the effect on Berman, Hagens Berman, and/or "the firm" regarding Special Master Hangley's investigation into issues surrounding the Thalidomide Litigation whether written by or received by Berman.

**RESPONSE:**          Mr. Berman objects to this request on grounds of relevance and undue burden and incorporates by reference Hagens Berman's Response to RFP No. 62 and Hagens Berman's General Objections, which are incorporated by reference.

Moreover, any documents responsive to this request would be within the custody and control of Hagens Berman.

## REQUEST FOR PRODUCTION NO. 27:

Documents including without limitation notes, emails, memoranda, and/or agendas, referring or relating to any meeting of the Hagens Berman Executive Committee at which the Thalidomide Litigation was discussed.

**RESPONSE:** Mr. Berman objects to this request on relevance and other grounds and incorporates by reference Hagens Berman's Response to RFP No. 65 directed to Hagens Berman. Moreover, any documents responsive to this request would be within the custody and control of Hagens Berman.

## REQUEST FOR PRODUCTION NO. 28:

All documents referring or relating to any overall strategic discussions or decisions relating to the Thalidomide Litigation.

**RESPONSE**: Mr. Berman objects to this request on relevance and other grounds and incorporates by reference Hagens Berman's Response to RFP No. 17 and RFP No. 67 and Hagens Berman's General Objections, which are incorporated by reference. Moreover, any documents responsive to this request would be within the custody and control of Hagens Berman.

**REQUEST FOR PRODUCTION NO. 29:**

All documents referring or relating to characterizations, whether favorable, unfavorable, or disparaging of any plaintiff in the Thalidomide Litigation including without limitation Sampson.

**RESPONSE:**       Mr. Berman objects to this request on relevance grounds and incorporates by reference Hagens Berman's Response to RFP No. 17 and RFP No. 61 directed to Hagens Berman.  Moreover, any documents responsive to this request would be within the custody and control of Hagens Berman.

**REQUEST FOR PRODUCTION NO. 30:**

Documents and things sufficient to explain all acronyms, abbreviations and short forms of labels used in any document Berman produces.

**RESPONSE:**       Mr. Berman objects to this request as vague and ambiguous, and inapplicable to the documents (if any) produced by Mr. Berman.  .

**REQUEST FOR PRODUCTION NO. 31:**

All documents and things that Berman may or intends to rely upon in any paper, pleading or brief, at any hearing or at trial in This Action.

**RESPONSE:**       Mr. Berman objects to this request as overbroad, unduly burdensome and premature.  Responsive documents are likely to be subject to various legal protections, including but not limited to attorney-client privilege and the work

product doctrine.  Mr. Berman will produce trial exhibits in accordance with the
Scheduling Order entered by the Court.

## REQUEST FOR PRODUCTION NO. 32:

Documents and things sufficient to identify all business entities in which Berman
maintains an ownership interest and the amount of the ownership interest.

**RESPONSE:**      Mr. Berman objects to this request on relevance grounds.  To
the extent it seeks this information with respect to Ms. Sampson's demand for punitive
damages, Mr. Berman objects to this request on the grounds that it constitutes
impermissible punitive damages discovery and, in addition, is overbroad as to time and
scope.  Mr. Berman incorporates by reference the arguments made with respect to
punitive damages set out in his Rule 12(b)(6) Motion to Dismiss.

## REQUEST FOR PRODUCTION NO. 33:

Documents sufficient to identify all systems, processes, and procedures for the
maintenance and storage of documents.

**RESPONSE:**      Mr. Berman objects to this request on relevance grounds.  To
the extent this request seeks information as to systems in place at Hagens Berman, any
documents responsive to this request would be within the custody and control of Hagens
Berman.

**REQUEST FOR PRODUCTION NO. 34:**

All documents referring or relating to communications between Berman and

Firmani Associates and/or Mark Firmani referring or relating to the Thalidomide

Litigation.

**RESPONSE:**      Mr. Berman does not personally possess documents

responsive to this request, but such documents may be in the custody and control of

Hagens Berman.  *See* Hagens Berman's Response to RFP No. 74 directed to Hagens

Berman.


**REQUEST FOR PRODUCTION NO. 35:**

All documents referring or relating to any insurance policy or insurance coverage

for payment of attorneys' fees, litigation costs or expenses, and/or any judgment in

connection with This Action.

**RESPONSE:**      Mr. Berman does not personally possess documents

responsive to this request, but such documents may be in the custody and control of

Hagens Berman.  *See* Hagens Berman's Response to RFP No. 80 directed to Hagens

Berman.


**REQUEST FOR PRODUCTION NO. 36:**

All documents, including without limitation, communications between Berman,

Peter Gordon, Kay Gunderson Reeves, and/or Elliot Karathanasis referring or relating to

the Thalidomide Litigation.

**RESPONSE:**         Mr. Berman does not personally possess documents responsive to this request, but such documents may be in the custody and control of Hagens Berman.  *See* Hagens Berman's Response to RFP No. 9 and RFP No. 75 directed to Hagens Berman.

## REQUEST FOR PRODUCTION NO. 37:

All communications between counsel for Diana Cabcabin and Berman.

**RESPONSE**:         Mr. Berman objects on relevance and privilege grounds.  Mr. Berman does not personally possess documents responsive to this request and incorporates by reference Hagens Berman's Response to RFP No. 77 directed to Hagens Berman.

## REQUEST FOR PRODUCTION NO. 38:

All communications between counsel for Terrie Bolton and Berman.

**RESPONSE:**         Mr. Berman objects on relevance and privilege grounds.  Mr. Berman does not personally possess documents responsive to this request and incorporates by reference Hagens Berman's Responses to RFP No. 20 and RFP No. 78 directed to Hagens Berman.

## REQUEST FOR PRODUCTION NO. 39:

All communications between counsel for Mary Sells and Berman.

**RESPONSE:**        Mr. Berman objects on relevance and privilege grounds.  Mr.

Berman does not personally possess documents responsive to this request and

incorporates by reference Hagens Berman's Response to RFP No. 79 directed to Hagens

Berman.

        DATED this 20th day of August, 2020.

> COPPERSMITH BROCKELMAN PLC
>
> By  *s/ Keith Beauchamp*
>    Keith Beauchamp (*Pro Hac Vice*)
>    kbeauchamp@cblawyers.com
>    Roopali H. Desai (*Pro Hac Vice*)
>    rdesai@cblawyers.com
>    2800 North Central Avenue, Suite 1900
>    Phoenix, AZ  85004
>    Telephone: (602) 381-5490
>
> PIETRAGALLO GORDON ALFANO
> BOSICK & RASPANTI LLP
>
> Gaetan J. Alfano
> Pennsylvania Bar No. 32971
> GJA@pietragallo.com
> Douglas E. Roberts
> Pennsylvania Bar No. 321950
> DER@pietragallo.com
> 1818 Market Street, Suite 3402
> Philadelphia, PA 19102
> Telephone: (215) 320-6200
> Facsimile: (215) 981-0082
>
> *Attorneys for Hagens Berman Sobol Shapiro,*
> *LLP, and Steve Berman*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2020, I electronically transmitted the attached document to all counsel of record.

COPPERSMITH BROCKELMAN PLC

By  *s/ Keith Beauchamp*
   Keith Beauchamp (*Pro Hac Vice*)
   kbeauchamp@cblawyers.com
   Roopali H. Desai (*Pro Hac Vice*)
   rdesai@cblawyers.com
   2800 North Central Avenue, Suite 1900
   Phoenix, AZ  85004
   Telephone: (602) 381-5490

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI LLP

Gaetan J. Alfano
Pennsylvania Bar No. 32971
GJA@pietragallo.com
Douglas E. Roberts
Pennsylvania Bar No. 321950
DER@pietragallo.com
1818 Market Street, Suite 3402
Philadelphia, PA 19102
Telephone: (215) 320-6200
Facsimile: (215) 981-0082

*Attorneys for Hagens Berman Sobol Shapiro, LLP, and Steve Berman*

*Exhibit 4*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLYN SAMPSON, | ) | **DEFENDANT STEVE BERMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| Plaintiff, | ) | |
| v. | ) | |
| HAGENS BERMAN SOBOL SHAPIRO LLP; KAY GUNDERSON REEVES; STEVE W. BERMAN, | ) | No. 2:20-cv-02232 PD |
| Defendants. | ) | Related Case: 2:11-cv-05782 PD |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Steve W. Berman submits the following Objections and Responses to Plaintiff Carolyn Sampson's First Set of Interrogatories.

### <u>GENERAL OBJECTIONS</u>

1.    Mr. Berman objects to Plaintiff's interrogatories that seek attorney-client privileged communications between Hagens Berman and any of its clients other than Plaintiff, or attorney work-product that is not related specifically to Plaintiff.

2.    Mr. Berman objects to Plaintiff's interrogatories that seek information about plaintiffs in other thalidomide cases filed by Hagens Berman. Mr. Berman will not provide such information unrelated to Plaintiff Sampson because such information is not relevant to Sampson's claims. Moreover, even if such information were relevant, those requests are objectionable because the information sought is shielded from disclosure by the attorney-client privilege and/or relates to the personal health information of other clients.

{00510649.1 }

3.      Answers to some of Plaintiff's interrogatories can be determined by examining business records being produced by Hagens Berman in response to Plaintiff's Requests for Production directed to Hagens Berman. To the extent he is able to do so, Mr. Berman will refer Plaintiff to such documents as permitted by Rule 33.

4.      In accordance with the agreement of the parties and by order of this Court as memorialized in the Protective Order, Mr. Berman does not waive any of his defenses with respect to personal jurisdiction and/or venue by its participation in this or other discovery.

5.      Mr. Berman objects to Plaintiff's interrogatories to the extent they lack an appropriate temporal limitation.

6.      Mr. Berman objects to Plaintiff's Instructions to the extent they purport to impose obligations broader than or inconsistent with the Federal Rules of Civil Procedure.

7.      Mr. Berman objects to Definition No. 11, which requires him to "identify" numerous aspects of a document, irrespective of whether that document is privileged. Such an expansive interpretation of "identify" imposes obligations on Mr. Berman that go beyond what is required under Rule 33. Mr. Berman will disregard Definition No. 11 to the extent it imposes obligations beyond what is required by Rule 33.

8.      Mr. Berman objects to Definition No. 13 as being unintelligible. It defines "description" as "a detailed statement of the substance, detail and all information relating to all aspects concerning the subject matter of the interrogatory."

9.      Mr. Berman objects to Definition No. 15, which defines "Thalidomide Litigation" to mean "each and all of the cases consolidated as *Johnson v. SmithKline Beecham et al,* Case No. 2:11-cv-05782-PD." That definition is unworkable as to certain

interrogatories, as it ignores that several of the underlying thalidomide cases, all initially filed in state court, were pending for an extended period of time before being consolidated. Moreover, the other thalidomide cases are irrelevant to Plaintiff's claims asserted in this action.

10.     Mr. Berman responds to Plaintiff's interrogatories subject to these General Objections, which are incorporated by reference into each of the following responses.

11.     By answering an interrogatory in part Mr. Berman does not waive his stated objections to that interrogatory or his General Objections.

12.     Discovery is not yet concluded in this case and Mr. Berman reserves the right to supplement or amend the responses made herein.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the following information:

a)      Berman's date and place of birth;

b)      Berman's current work and home address;

c)      All states, Courts, and/or territories where Berman is currently licensed to practice law along with license number;

**RESPONSE:**      Mr. Berman objects on the ground that certain information sought in this interrogatory seeks irrelevant information.  Mr. Berman works at Hagens Berman's Seattle office.  The address of that office is 1301 Second Avenue, Suite 2000, Seattle, WA 98101.  He is currently licensed to practice in Washington and Illinois.

### INTERROGATORY NO. 2:

Identify every plaintiff or prospective plaintiff in the Thalidomide Litigation that Berman has met in-person or spoken with by phone. For each such meeting or conversation, identify:

a)      the plaintiff or prospective plaintiff;

b)      the date of the in-person meeting or phone call;

c)      the place of the in-person meeting;

d)      the length of the meeting or phone call;

e)      all individuals that were present at the meeting or on the call;

f)      the most current contact information for each current or prospective

plaintiff in the Thalidomide Litigation so identified.

**RESPONSE**:        Mr. Berman objects on the grounds that this interrogatory is

overbroad, unduly burdensome, and that information about his communications with

other clients is not relevant to the claims asserted by Ms. Sampson.  Conversations that

Mr. Berman did or did not have with other clients has no bearing on the claims of

misrepresentation alleged by Ms. Sampson.  The interrogatory also improperly seeks

attorney-client privileged information relating to Hagens Berman clients who are not

involved in this litigation.  Notwithstanding the foregoing and his General Objections,

Mr. Berman does not recall meeting or speaking in person or by telephone with Plaintiff

Sampson.


**INTERROGATORY NO. 3**:

Identify all in-person meetings with Peter Gordon, Elliott Karathanasis, and/or

Kay Gunderson Reeves at which any issue relating to the Thalidomide Litigation was

discussed and provide a description of the issues discussed. For each such in-person

meeting, Identify:

a)      the date of the in-person meeting;

b)      the place of the in-person meeting;

c)      the length of the in-person meeting;

d)      all individuals that were present at the in-person meeting;

e)      the most current contact information for each individual present at any in-person meeting.

**RESPONSE**:      Mr. Berman objects on the grounds that this interrogatory is overbroad, vague, ambiguous, unduly burdensome, and seeks information irrelevant to Plaintiff's claims.  Ms. Sampson's limited claims for misrepresentation are far narrower that the broad subject of "any issue relating to the Thalidomide Litigation," making this request extremely overbroad.   Notwithstanding the foregoing objections and incorporated General Objections, documents containing some of the information requested can likely be found in documents produced by Hagens Berman in response to Plaintiff's RFP No. 9, RFP No. 29, RFP No. 17 and RFP No. 75 served on Hagens Berman.


**INTERROGATORY NO. 4**:

Identify Berman's income and net worth on an annual basis from 2009 to the present.

**RESPONSE**:      Mr. Berman objects to this interrogatory on the ground that it constitutes impermissible punitive damages discovery.  Mr. Berman incorporates by reference his arguments with respect to punitive damages set out in his Rule 12(b)(6) Motion to Dismiss.  *See also* Pa. R. P. Civ. 4003.7.  In addition, this request is overbroad, lacks an appropriate temporal limitation and seeks information irrelevant to punitive damages (even assuming such information were discoverable, which it is not).

**INTERROGATORY NO. 5:**

Provide a description of the reasons for and the circumstances surrounding the switch in trial counsel from the Lanier Law Firm to Hagens Berman Sobol Shapiro LLP and specifically identify the following:

a)    all persons with knowledge of the negotiations relating the (sic) switch in trial counsel;

b)    all responses by Berman to objections to the switch in trial counsel expressed by any person;

c)    all documents (whether or not claimed to be privileged) referring or relating to the negotiations or reasons for the switch in trial counsel.

**RESPONSE:**    Mr. Berman objects to this interrogatory on the ground that it seeks information not relevant to the claims asserted by Ms. Sampson in this action. The Lanier Law Firm was never counsel of record for Ms. Sampson so any substitution of counsel ("switch in trial counsel") did not affect Ms. Sampson because she apparently was never a client of that firm. Moreover, the alleged misrepresentations upon which Ms. Sampson's claims are based have no relation to the Lanier Law Firm. Information about the substitution of counsel in cases where the clients were persons other than Ms. Sampson is not only irrelevant to Ms. Sampson's action, but also protected by the attorney-client privilege and the work-product doctrine. Without waiving the foregoing objections and incorporated General Objections, Mr. Berman notes that Hagens Berman has agreed to produce its communications with the Lanier Law Firm relating to the Thalidomide Litigation (to the extent such documents exist), which may supply certain

information responsive to this request.  See Hagens Berman's Response to Plaintiff's

RFP No. 9 and RFP No. 35 served on Hagens Berman.


**INTERROGATORY NO. 6:**

Identify all journalists, writers, bloggers, and/or other documentarians that Berman

spoke to, emailed, or otherwise communicated with about the Thalidomide Litigation

from 2009 to the present.

**RESPONSE:**        Mr. Berman objects on the grounds that this interrogatory is

irrelevant to Plaintiff's claims.  Notwithstanding the foregoing objection and incorporated

General Objections, Mr. Berman is unable to recall which, if any, journalists, writers, or

bloggers he may have spoken to or communicated with about the Thalidomide Litigation.

To the extent that such information exists, it would be found in documents produced by

Hagens Berman in response to Plaintiff's RFP Nos. 32 and 74 served on Hagens Berman.


**INTERROGATORY NO. 7:**

Identify all former or current clients of Berman or any law firm that Berman has

been associated with that has made a written complaint, demand or threat letter, bar

complaint and/or other allegation stating that Berman committed malpractice, breached

fiduciary duties, or engaged in other malfeasance. For each such written complaint,

demand or threat letter, bar complaint and/or other allegation, identify the following:

a)        the underlying case that gave rise to the allegation;

b)      the date of the written complaint, demand or threat letter, bar complaint

and/or other allegation;

c)      provide a description of the allegation;

d)      identify the person or entity that made the allegation.

**RESPONSE:**        Mr. Berman objects on the grounds that this interrogatory

seeks information irrelevant to Plaintiff's claims, in addition to being overbroad, unduly

burdensome and not proportional to the needs of this case.  In addition, the interrogatory

improperly seeks information protected by the attorney-client privilege and work product

doctrine.

**INTERROGATORY NO. 8:**

State with particularity the complete factual and legal basis for any Affirmative

Defense and/or Counterclaim asserted by Berman in any pleading, identify all documents

relating to such basis, and identify all person(s) having knowledge or information relating

to such basis.

**RESPONSE:**        Mr. Berman objects that this interrogatory is vague,

ambiguous and calls for information that is protected by the attorney-client privilege and

work product doctrine.  Moreover, Mr. Berman has not asserted any Affirmative Defense

and/or Counterclaim in any pleading, making it impossible to "identify all documents" or

"person(s) having knowledge or information" about such defenses and counterclaims.

**INTERROGATORY NO. 9**:

Identify all email accounts used by Berman since 2009.

**RESPONSE**:        Mr. Berman objects on the grounds that this interrogatory seeks information irrelevant to Plaintiff's claims. Notwithstanding the foregoing objection and incorporated General Objections, to the extent Mr. Berman communicated with Ms. Sampson or with anyone else about her case or the thalidomide cases in general, he did so from his Hagens Berman-affiliated email address.


**INTERROGATORY NO. 10**:

Identify any witness that Berman may call at trial for any purpose and provide a description of the anticipated testimony.

**RESPONSE**:        Mr. Berman objects on the ground that this interrogatory is premature. Witness information will be provided in accordance with the Case Management Schedule set by the Court


DATED this 21st day of August, 2020.

COPPERSMITH BROCKELMAN PLC

By  s/ Keith Beauchamp
      Keith Beauchamp (*pro hac vice*)
      kbeauchamp@cblawyers.com
      Roopali H. Desai (*pro hac vice*)
      rdesai@cblawyers.com
      2800 North Central Avenue, Suite 1900
      Phoenix, AZ 85004
      (602) 381-5490

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI LLP

Gaetan J. Alfano
Pennsylvania Bar No. 32971
GJA@pietragallo.com
Douglas E. Roberts
Pennsylvania Bar No. 321950
DER@pietragallo.com
1818 Market Street, Suite 3402
Philadelphia, PA 19102
Telephone: (215) 320-6200
Facsimile: (215) 981-0082

*Attorneys for Hagens Berman Sobol Shapiro,
LLP, and Steve Berman*

1

## VERIFICATION

2

3   STATE OF WASHINGTON    )
                                   ) ss.

4   KING COUNTY                   )

5

6

7          Steve W. Berman, being first duly sworn upon his oath, deposes and says:

8          1.     I am a Defendant in the matter *Carolyn Sampson. v. Hagens Berman Sobol*

9   *Shapiro LLC; Kay Gunderson Reeves; Steve W. Berman, United States District Court for*

10   *the Eastern District of Pennsylvania, 2:20-cv-02232 PD.*

11

12          2.     I have asserted personal jurisdiction and venue defenses in the *Sampson*

13   litigation and do not waive those defenses by participating in this court-ordered discovery.

14   My submission of discovery responses, including this verification, is expressly conditioned

15   upon entry of the Protective Order confirming that participation in discovery does not

16   constitute a waiver of personal jurisdiction and venue defenses.

17

18          3.     I have read Steve W. Berman's Responses to Plaintiff's First Set of

19   Interrogatories ("Responses") and know its contents.  The matters stated in the foregoing

20   Responses are true and correct to the best of my knowledge and recollection.

21

22          I declare under penalty of perjury under the laws of the State of Washington that the

23   foregoing is true and correct.

24          DATED this 21st day of August, 2020.

25

26

27
                                                          Steve W. Berman

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2020, I electronically transmitted the attached document to all counsel of record.

s/

*Exhibit 5*

**Nick Boebel**

| | |
|---|---|
| **From:** | Keith Beauchamp <kbeauchamp@cblawyers.com> |
| **Sent:** | Sunday, August 30, 2020 12:34 PM |
| **To:** | Nick Boebel; Roopali Desai |
| **Cc:** | David Senoff; Hillary Weinstein; Douglas E. Roberts |
| **Subject:** | RE: Some specific problems with the written responses |

**Nick, following up on our call yesterday, interlineated below are some comments and additional information.  If you think my notes are incorrect, or have any further follow-up, don't hesitate to let me know.  Also, if you identify any other specific RFP's where you think my clients' responses are deficient, I understand you will let us know before including them in a motion to compel so that we can confer. I'll have the redaction log to you today.**
**I understand that you will let us know today whether Ms. Sampson will be providing documents and written responses to the discovery previously served on her by Hagens Berman.**

**Regards,**
**Keith**

---

**From:** Nick Boebel <NBoebel@hansenreynolds.com>
**Sent:** Saturday, August 29, 2020 9:00 AM
**To:** Roopali Desai <rdesai@cblawyers.com>
**Cc:** Keith Beauchamp <kbeauchamp@cblawyers.com>
**Subject:** Some specific problems with the written responses

**-External Sender-**

Roopali,

Yesterday, you asked for some examples of specific issues in the written discovery responses. Below are a few from the HB responses:

36-40, 67 (Generally applicable litigation strategy and global settlement communications) – Overall case strategy is plainly relevant. As are communications with GSK surrounding their dismissal.

*As I mentioned in our call, Hagens did produce communications with GSK regarding dismissal, as per its Response to RFP 36.  I also advised that it would not be practical to search for "settlement" generally (as to other defendants), and that settlement discussions (if any) with other defendants were not relevant to Ms. Sampson's claims.  You indicated Sampson is not actually seeking settlement discussions as to other defendants.*

RFP 46 and 47 (Weaver and Brown agreements) – both worked on and commented on Sampson's case. Both appeared to have been let go for reasons related to the Thalidomide litigation.

*We agreed to disagree about the relevance of these two requests.*

RFP 17, 60, and 61: Entirely relevant to how HB treated these plaintiffs, how they saw the litigation (both generally and with respect to Sampson), and how seriously they took their fiduciary obligations.

1

*We generally agreed to disagree about these requests as well.  I noted that RFPs 17 and 60 are extremely broad, and our conversation (like your email)  focused on RFP 61, which asks for all "documents and communication referring or relating to any characterization of 'thalidomide plaintiffs' generally."  We stand by our relevance, privilege and burden objections on RFP 61.  We also noted that Hagens is producing "characterization" documents that refer or relate to Ms. Sampson.*

RFP 45 and 72 – baseline information about the organization and structure of a litigation defendant.

*We agreed to disagree about the relevance of these.*

RFP 76 – your own production makes the objection (which is boilerplate anyway) improper. Both Reeves and Steve Berman said in early 2012 that they did not think the case was winnable in Federal Court before Judge Diamond. But nobody bothered to tell that to Sampson until many years later and only after she had been through the entirety of the litigation process.

*RFP asks for all internal mentions of Special Master Hangley or Judge Diamond, and we stand by our relevance, privilege, work product burden and other objections on this request.*

Punitive discovery – plainly relevant: The entire purpose of PA code 4003.7 is to facilitate the appropriate treatment of the materials under the supervision of the Court. This is but one example of why it was so inappropriate to fail to raise timely written objections.

*Given the pendency of Hagen's Rule 12 motion arguing that recovery of punitive damages is not permissible at all, as well as the lack of sufficient allegations or evidence here, we agreed to disagree on this.*

Rog 2: Are you really feigning confusion over who is the custodian of records and most knowledgeable about ESI systems?

*The question covers many different types of systems, so it truly is unclear.  I also noted that there are no issues as to whether Hagens properly preserved documents.  Bottom line is that we can supply the name of a person most knowledgeable with more direction as to what you are looking for, but this does not really seem to be an issue.  It also can be addressed with the Rule 30(b)(6) depo if you decide to take one.*

Rogs 3, 5: Incorporating documents into an interrogatory response without identifying document production numbers is improper.

*For Rog 3, I noted that the invoices have been produced and you indicated you had seem at least some of them.  As promised, here are those bates numbers: HAGENS0022871-HAGENS0023255.*

*For Rog. 5 (Lanier), we produced documents in a searchable format, so you can search for "Lanier" as easily as we can.*

These are just some highlights, but they are illustrative of the fundamental problem which was the failure to respond initially made it impossible for Sampson to raise individualized discovery issues with the Court on a meaningful timeline.

Best Regards,


**Nicholas Boebel**

Partner

nboebel@hansenreynolds.com

(612) 286-0208 ext.2