IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLYN SAMPSON,<br><br>                    Plaintiff,<br><br>v.<br><br>HAGENS BERMAN SOBOL SHAPIRO LLP; KAY GUNDERSON REEVES; STEVE W. BERMAN,<br><br>                    Defendants. | No. 2:20-cv-02232 PD<br><br>Related Case: 2:11-cv-05782 PD |

**THE HAGENS BERMAN DEFENDANTS' REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY PENDING DISPOSITION OF <u>PETITION FOR WRIT OF MANDAMUS</u>**

Defendants Hagens Berman Sobol Shapiro LLP and Steve Berman (the "Hagens Berman Defendants") submit this Reply Memorandum in support of their Motion to Stay Pending Disposition of Petition for Writ of Mandamus (Doc. 49) ("Motion to Stay"). In opposition to the Motion to Stay, Plaintiff primarily argues that the Hagens Berman Defendants are unlikely to succeed on the merits of their Petition because the parties' forum selection clause is unenforceable. As detailed below, Plaintiff's argument lacks merit.

**I.    The Hagens Berman Defendants are likely to succeed on the merits because the Court failed to enforce a valid forum-selection clause.**

Plaintiff agreed in the Engagement Agreement that: "This Agreement shall be construed in accordance with the laws of the state of Texas, and <u>venue for **any**</u>

**dispute** <u>shall be in Dallas County, Texas</u>." (emphasis added). This forum selection clause mandates transfer to the Northern District of Texas "unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Texas*, 571 U.S. 49, 50-51 (2013).

"Forum selection clauses 'are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'" *Healthcare Servs. Grp., Inc. v. Skyline Servs. Group*, 2018 WL 63773, *3 (E.D. Pa. Jan. 30, 2018) (quoting *M/S Breman v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)); *see also Crowley v. Houston Wiring and Cable Co.*, 2:19-cv-060009-JMY, 2020 WL 127719 (E.D. Pa. Jan. 9, 2020) (enforcing Texas forum selection clause).

Plaintiff cannot satisfy her heavy burden. Finally recognizing that enforceability is an issue of federal law, *Collins v. Mary Kay, Inc.* 875 F.3d 176, 181 (3d Cir. 2017), Plaintiff now attempts to reframe her enforceability argument under Texas law as an argument regarding the "scope" of the agreement. (Doc. 53 at 2-3) But under Texas law, none of Plaintiff's claims regarding the scope or enforceability of the forum selection clause have merit, much less constitute the "extraordinary circumstances" needed to set aside the parties' choice of forum.

First, Plaintiff claims that the forum selection clause only applies to breach of contract claims, because the "structure" of the surrounding language provides a "contextual clue" that the clause should be "limited to the agreement." (Doc. 53 at 3-4) One need merely look at the plain language to reject that argument: "venue for any dispute shall be in Dallas County, Texas." That language is not ambiguous by any measure, and by its terms applies to "any dispute" between the parties.

Plaintiff cites no cases to support the notion that the venue selection clause's "any dispute" language is limited to contractual claims. But that is unsurprising, because Texas courts, the Third Circuit, and this Court have all found that, under Texas law, broad forum selection clauses such as this encompass non-contractual claims. *Mary Kay, Inc.*, 874 F.3d at 185 (New Jersey statutory wage claim fell within scope of forum selection clause in contract governing "any dispute or controversy . . . relating to this Agreement"); *Piazza Family Tr. II v. Ciarrocchi*, No. CV 17-1704, 2017 WL 5146007, at *4 (E.D. Pa. Nov. 6, 2017) (forum selection clauses are construed to "encompass a variety of non-contractual claims in Texas," and the parties' forum selection clause applied to breach of fiduciary duty, fraud, conspiracy and other tort claims); *Young v. Valt.X Holdings, Inc.*, 336 S.W.3d 258, 263 (Tex. App. 2010) (forum selection clause applied to all claims in the case, "including the fraud, fiduciary duty, and securities claims").

Next, relying on *Falk & Fish, L.L.P. v. Pinkston's Lawnmower & Equip., Inc.*, 317 S.W.3d 523 (Tex. App. 2010), Plaintiff argues that the venue selection clause is unenforceable because Texas law is "protective of the reasonable expectations of clients in connection with forum-selection clauses." (Doc. 53 at 5) But *Falk* addressed those "reasonable expectations" because there was "<u>not</u> a clear forum selection clause" in that case. *Falk*, 317 S.W.3d at 529 (emphasis added). Where, as here, a forum selection clause <u>is</u> "clear and unequivocal," Texas law <u>mandates</u> enforcement "unless the party opposing enforcement clearly shows that enforcement is unreasonable and unjust, or that the clause is invalid for reasons such as fraud or overreaching." *Id.* at 528. Plaintiff has not done that.

Plaintiff asserts (Doc. 53 at 5) that the facts present in *Falk* are "also true here," but they are not. In *Falk*, a lawyer licensed in North Carolina (and Texas) began representing a North Carolina business in a lawsuit pending in North Carolina. Six months after appearing in the litigation the lawyer brought an engagement agreement with him to a meeting at the North Carolina business. *Id.* at 529. The client signed it without reading it. *Id.* The agreement included the following sentence: "You agree our relationship and our agreement is controlled by Texas law, and the applicable courts of Dallas, Texas shall be the *for a* [sic] for all attorney-client disputes." *Id.* at 525. The lawyer later filed suit in Texas. The North Carolina client submitted a declaration asserting that he expected that any disputes

with the North Carolina-licensed lawyer representing him in North Carolina litigation would be resolved in North Carolina. Not surprisingly, the Texas Court of Appeals held that the North Carolina business was not subject to personal jurisdiction in Texas.

Those facts bear little resemblance to this case, where there were substantial ties to Texas in terms of formation of the attorney-client relationship; there is no declaration from Plaintiff explaining where she expected disputes with her Texas-licensed counsel would be resolved if not in Texas; Plaintiff had ample time to review the agreement in her own home without anyone pressuring her to sign it; she read the Engagement Agreement before she signed it; Reeves did not begin representing Plaintiff until the agreement was signed and returned; and the forum selection language is clear and explicit.

Beyond that, Plaintiff does not contend that Reeves misled her about the forum selection clause. Nor does she contend that litigating in Texas would be onerous such that it would be unreasonable to enforce the agreement. It is undisputed that Plaintiff called Reeves in Texas, received the Engagement Agreement in the mail from Texas on September 29, 2011, read it in her own home without pressure from Reeves, signed it on October 4, 2011, and mailed to Reeves in Texas. (*See* Compl. ¶¶ 27, 29) To support her claim that it would be overreaching to enforce the Texas forum selection clause, Plaintiff merely declares

that she did not draft the Engagement Agreement, did not consider it to be negotiable, and did not discuss with Reeves the possibility that if there was litigation between them it would need to be in Texas. (Doc. 53 at 5) These facts do not establish fraud or overreaching.

In sum, Plaintiff falls far short of demonstrating the "extraordinary circumstances" necessary to set aside the forum selection clause here, which is entitled to a presumption of validity. In accordance with *Atlantic Marine* and its progeny, that provision must be enforced, and the Hagens Berman Defendants are likely to succeed in their Petition.

## II. Conclusion

For these reasons, and those set forth in the Motion to Stay, the Hagens Berman Defendants request an emergency stay and injunction of the Court's Order denying transfer of venue and of the scheduling order.

DATE: September 11, 2020               Respectfully submitted,

*s/ Keith Beauchamp*

COPPERSMITH BROCKELMAN PLC

Keith Beauchamp (*pro hac vice*)
kbeauchamp@cblawyers.com
Roopali H. Desai (*pro hac vice*)
rdesai@cblawyers.com
2800 N. Central Avenue, Suite 1900
Phoenix, AZ 85004
Telephone: (602) 381-5490

Facsimile: (602) 224-6020

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI LLP

Gaetan J. Alfano
Pennsylvania Bar No. 32971
GJA@pietragallo.com
Douglas E. Roberts
Pennsylvania Bar No. 321950
DER@pietragallo.com
1818 Market Street, Suite 3402
Philadelphia, PA 19102
Telephone: (215) 320-6200
Facsimile: (215) 981-0082

*Attorneys for Hagens Berman Sobol Shapiro, LLP, and Steve Berman*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 11, 2020, the foregoing Reply in Support of Emergency Motion for Stay was filed electronically and served on all counsel of record via the Court's CM/ECF system.

> PIETRAGALLO GORDON ALFANO
> BOSICK & RASPANTI LLP
>
> *s/ Douglas E. Roberts*
>
> Gaetan J. Alfano
> Pennsylvania Bar No. 32971
> GJA@pietragallo.com
> Douglas E. Roberts
> Pennsylvania Bar No. 321950
> DER@pietragallo.com
> 1818 Market Street, Suite 3402
> Philadelphia, PA 19102
> Telephone: (215) 320-6200
> Facsimile: (215) 981-0082
>
> *Attorneys for Hagens Berman Sobol Shapiro, LLP, and Steve Berman*